160 P.3d 757

**Loel FENWICK, M.D. and Christy Olson Fenwick, husband and wife, and Tanglefoot Wildlife Refuge, Plaintiffs–Appellants,**

v.

**IDAHO DEPARTMENT OF LANDS, an agency of the State of Idaho and Winston Wiggins, in his official capacity and George and Carolyn Deshler Family Trust, Carolyn Deshler, d/b/a Blue Diamond Marina and Resort, Defendants–Respondents.**

No. 32690.

Supreme Court of Idaho, Coeur d'Alene, April 2007 Term.

May 29, 2007.

Scott W. Reed, Coeur d'Alene, for appellants.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents Department of Lands and Winston Wiggins. C. Nicholas Krema, Deputy Attorney General, argued.

Finney, Finney & Finney, Sandpoint, for respondents Carolyn Deshler Family Trust and Carolyn Deshler. John Finney argued.

EISMANN, Justice.

This is an appeal from a judgment holding that activities conducted on state public endowment land did not have to comply with the county zoning ordinance. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

The State of Idaho, acting by and through the State Board of Land Commissioners (Land Board), leased to Carolyn Deshler 3.75 acres of public school endowment land located on the shore of Priest Lake and 2.5 acres of submerged land. The term of the written lease commenced on January 1, 1994, and ended on December 31, 2003. Deshler operated a marina on the leased property.

On October 4, 1996, the Idaho Department of Lands (Lands Department) acting on behalf of Carolyn Deshler applied to Bonner County for a zoning change regarding the leased property and a conditional use permit

to allow for the expansion of the marina's facilities. Bonner County denied both requests, and the denials were affirmed on appeal. In 1997, the Lands Department authorized Carolyn Deshler to proceed with the marina expansion, and she did.

On June 17, 2004, the State of Idaho, acting by and through the Land Board, entered into a lease with the George and Carolyn Deshler Family Trust and Carolyn Deshler (Deshlers) for the same land. The term of the lease was from January 1, 2004, through December 31, 2013.

Loel and Christy Fenwick (Fenwicks) own the Tanglefoot Wildlife Refuge, which adjoins approximately 380 acres of state land. That state land includes the property leased to the Deshlers. On December 10, 2004, the Fenwicks brought this action against the Lands Department, and in an amended complaint they added the Deshlers as defendants. The Fenwicks sought to enjoin any construction on or use of the leased premises that violates the Bonner County zoning ordinance; to obtain permission to narrow that portion of the access road to the marina that crosses their property; and to enjoin activities upon the leased premises that they contend constitute a nuisance. The district court granted a partial summary judgment dismissing all of the Fenwicks' claims except their nuisance claim. The district court certified that judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure, and the Fenwicks timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in holding that the Deshlers' use of the state endowment lands leased to them did not have to comply with the Bonner County zoning ordinance?

2. Did the district court err in holding that the Fenwicks lacked standing to enforce a provision in the Deshlers' lease?

3. Are the Fenwicks or the Deshlers entitled to an award of attorney fees on appeal?

## III. ANALYSIS

■ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon,* 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

### A. Did the District Court Err in Holding that the Deshlers' Use of the State Endowment Lands Leased to Them Did Not Have to Comply with the Bonner County Zoning Ordinance?

■ Based upon *State ex rel. Kempthorne v. Blaine County,* 139 Idaho 348, 79 P.3d 707 (2003), the district court held that the use of the state public endowment land leased by the Deshlers did not have to comply with the Bonner County zoning ordinance. The Fenwicks contend that Idaho Code § 67–6528 requires such compliance. That statute provides, "The state of Idaho, and all its agencies, boards, departments, institutions, and local special purpose districts, shall comply with all plans and ordinances adopted under this chapter unless otherwise provided by law." At the time the Deshlers' lease was signed on June 17, 2004, the 2003 version of Idaho Code § 58–307 was in effect. It provided certain exceptions to the requirements of Idaho Code § 67–6528. Insofar as this case is concerned, the 2003 version of Section 58–307 provided that if certain specified lands were leased for commercial purposes, "the use for which the land is leased shall be consistent with the local planning and zoning ordinances insofar as is reasonable and practicable." The land leased by the Deshlers was leased for commercial purposes, but it was not one of the parcels specified in the 2003 version of Section 58–307. The Fenwicks therefore argue that the use of the

land must comply with the Bonner County zoning ordinance.

The legislature amended Section 58–307 in 2004, and when the Fenwicks filed this lawsuit the 2004 version of the statute[1] was in effect. Under the 2004 version of the statute, the use of state lands leased for commercial purposes was required to comply with local planning and zoning ordinances, insofar as is reasonable and practicable, only if the term of the lease exceeded ten years. Because the term of the Deshlers' lease did not exceed ten years, they would not be required to comply with the Bonner County zoning

1. As amended effective July 1, 2004, Idaho Code § 58–307 provides:

(1) No lease of state public school endowment lands, other than those valuable for stone, coal, oil, gas or other minerals, shall be for a longer term than ten (10) years.

(2) Notwithstanding any other provisions of law, all state lands may be leased for a period of up to twenty-five (25) years to the federal government, to federal agencies, state agencies, counties, or cities, school districts or political subdivisions when leased for public purposes. Such leases for public purposes may be entered into by negotiation and shall secure a rental amount based on the fair market value of the state land.

(3) Notwithstanding any other provisions of law, all state endowment lands may be leased for a period of up to forty-nine (49) years for commercial purposes, under such terms and conditions as may be set by the board, provided that, for such leases in excess of ten (10) years, the board consults with the county commissioners of the county in which the lands are located before leasing the lands, and the use for which the land is leased shall be consistent with the local planning and zoning ordinances insofar as is reasonable and practicable. For each lease in excess of ten (10) years, the department shall hold a hearing in the county in which the parcel is located.

(4) The term "commercial purposes" means industrial enterprises, retail sales outlets, business and professional office buildings, hospitality enterprises, commercial recreational activities, multifamily residential developments and other similar businesses. For purposes of this section, agricultural leases, grazing leases, oil and gas leases, mineral leases, geothermal leases, communication site leases, single family, recreational cottage site and homesite leases, and leases for other similar uses, are not considered leases for commercial purposes.

(5) The board may require that all fixed improvements constructed upon land leased for commercial purposes be removed or become the property of the state upon termination of the lease, and that any heirs, encumbrances or claims of third parties with respect to any improvements shall be expressly subordinate and subject to the rights of the state under this section.

(6) Except for geothermal, oil and gas, mineral and commercial leases, the lease year shall run from January 1 through December 31, and all leases shall expire on December 31 of the year of expiration.

(7) All applications to lease or to renew an existing lease which expires December 31 of any year, shall be filed in the office of the director of the department of lands by the thirtieth day of April preceding the date of such expiration. Such applications will be considered by the state land board and be disposed of in the manner provided by law; except that the board may reject conflicting applications for a lease for commercial purposes if the lessee exercises the preference right to renew clause.

(8) Where conflicts appear upon leases, except for mineral leases which, pursuant to chapter 7, title 47, Idaho Code, contain a preferential right to renew clause, such applications shall be considered as having been filed simultaneously. However, nothing herein shall be construed to prevent the state board of land commissioners from accepting and considering applications for new leases at any time.

(9) In case improvements have been made on land while under lease which is expiring, and the former lessee is not the successful bidder, but the land is leased to another, the amount of such improvements shall be paid to the former lessee. The following shall be considered improvements: plowing done within one (1) year, provided no crop has been raised on the plowed land after such plowing, fencing, buildings, cisterns, wells, growing crops and any other asset which shall be considered an improvement by the director.

(10) Commercial leases of the state lands shall not be subject to the conflict auction provisions of section 58–310, Idaho Code. The board may, at its discretion, call for proposals and sealed bids by public advertisement, and may evaluate said proposals and award the lease to the bidder whose proposal achieves the highest return over the term of the lease and who is capable of meeting such terms and conditions as may be set by the board; in the alternative, the board may call for lease applications by public advertisement and if more than one (1) person files an application to hold an auction in the same manner as provided in section 58–310, Idaho Code. In either case, the board must obtain a reasonable rental, based upon fair market value of the state land, throughout the duration of the lease. The board may reject any or all proposals and any or all bids, and may reoffer the lease at a later date if the board determines that the proposals or bids do not achieve the highest and best use of the land at market rental.

ordinance under the 2004 version of Idaho Code § 58–307.

The parties assumed and the district court held that the 2004 version of Idaho Code § 58–307 did not apply in this case because it was not in effect when the lease was signed on June 17, 2004. The 2004 amendment was approved on March 23, 2004, and it took effect on July 1, 2004. However, it was in effect on December 10, 2004, when the Fenwicks filed this action seeking to limit the Deshlers' use of the leased property. The 2004 version of Section 58–307 applies to this action.

■ The Fenwicks do not contend that the lease is invalid because it violated a statute or ordinance when executed, nor are they seeking to recover any damages for an alleged injury arising from either the lease or the Deshlers' use of the leased property. They only seek to limit the Deshlers' future use of the leased property. They are seeking an injunction requiring the Lands Department to bring the activities, operations, and construction at the leased property into compliance with the Bonner County zoning ordinance. An injunction operates prospectively only. *Curl v. Curl,* 115 Idaho 997, 1008, 772 P.2d 204, 215 (1989). Thus, the Fenwicks are seeking to enjoin what they contend would be a continuing violation of the zoning ordinance.

The 2004 version of Idaho Code § 58–307 in effect at the time the Fenwicks filed their lawsuit exempted the Deshlers from conforming their use of the land to the zoning ordinance. Applying that version of the statute to this lawsuit does not constitute a retroactive application of the statute. The change in the statute did not affect any vested right of the Fenwicks. They have no vested right to prevent changes in the use of the state's property. Indeed, a landowner does not even have a vested right to prevent changes in the permissible use of his own property. *Sprenger, Grubb & Assocs., Inc. v. City of Hailey,* 127 Idaho 576, 903 P.2d 741 (1995). Thus, applying the 2004 amendment to this lawsuit does not constitute a retroactive application of the statute to their claim. *Engen v. James,* 92 Idaho 690, 448 P.2d 977 (1969).

**B. Did the District Court Err in Holding that the Fenwicks Lacked Standing to Enforce a Provision in the Deshlers' Lease?**

■ Paragraph 8 of the current lease included a provision stating, "Lessee's use of the leased site and all improvements constructed thereon, shall fully comply with all statutes, ordinances, rules, regulations and laws of applicable federal, state and local governmental authorities." The Fenwicks contended that they are entitled to enforce this provision in the lease and that it incorporated by reference the Bonner County zoning ordinance. The district court held that the Fenwicks lacked standing to raise this issue. We agree.

■ The Fenwicks are not parties to the lease, and the district court held that they are not third-party beneficiaries of this lease provision. The Fenwicks argue that as adjoining landowners, they are third-party beneficiaries of this lease provision. "The test for determining a party's status as a third-party beneficiary ... is whether the agreement reflects an intent to benefit the third party." *Idaho Power Co. v. Hulet,* 140 Idaho 110, 112, 90 P.3d 335, 337 (2004). The third party must show "that the contract was made for his direct benefit, or as sometimes stated primarily for his benefit, and that it is not sufficient that he be a mere incidental beneficiary." *Dawson v. Eldredge,* 84 Idaho 331, 337, 372 P.2d 414, 418 (1962) (quoting *Sachs v. Ohio Nat'l Life Ins. Co.,* 148 F.2d 128, 131 (7th Cir.1945)). "[T]he contract itself must express an intent to benefit the third party." *Adkison Corp. v. American Bldg. Co.,* 107 Idaho 406, 409, 690 P.2d 341, 344 (1984).

The Fenwicks do not point to anything in the lease indicating that this provision was included primarily for their benefit as adjoining landowners. In *Just's Inc. v. Arrington Construction Co. Inc.,* 99 Idaho 462, 583 P.2d 997 (1978), the construction contract between the city and the contractor expressly required the contractor to take specified measures to lessen the disruption to businesses located in the construction area. There is no similar provision in the Deshlers' lease with

**324**

the Land Board. The provision at issue makes no reference to adjoining landowners, nor is there any indication it was included for their benefit. The district court did not err in holding that the Fenwicks were not third-party beneficiaries of this provision and therefore lacked standing to seek to enforce it.

■ The Fenwicks also argue that Paragraph 8 of the lease constitutes an admission under Rule 803 of the Idaho Rules of Evidence. That rule governs the admissibility of evidence; it has no application to the issue of standing.

**C. Are Either the Fenwicks or the Deshlers Entitled to an Award of Attorney Fees on Appeal?**

■ The Fenwicks seek an award of attorney fees on appeal under Idaho Code § 12–117. Because they have not prevailed on the appeal, they are not entitled to an award of attorney fees based upon that statute. *Uhl v. Ballard Medical Prods., Inc.*, 138 Idaho 653, 67 P.3d 1265 (2003).

■ The Deshlers seek an award of attorney fees under Idaho Code § 12–121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 57 P.3d 775 (2002). We have decided this case based upon the 2004 version of Idaho Code § 58–307. The Deshlers argued on appeal that the 2003 version of the statute was applicable. Under the circumstances, we conclude that the Fenwicks did not bring their appeal frivolously, unreasonably, or without foundation. We therefore decline to award the Deshlers attorney fees under Idaho Code § 12–121.

**IV. CONCLUSION**

We affirm the partial summary judgment of the district court. We award the respondents costs on appeal, but not attorney fees.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.

