## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 33979

| | | |
|---|---|---|
| LONNIE G. PARTOUT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RON HARPER, | ) | Boise, March 2008 |
| | ) | |
| Defendant-Respondent, | ) | 2008 Opinion No. 53 |
| | ) | |
| and | ) | Filed: April 25, 2008 |
| | ) | |
| ADAMS COUNTY REAL ESTATE (ACRE), | ) | Stephen W. Kenyon, Clerk |
| INC., an Idaho corporation; F. FRED | ) | |
| GLESMER; CLAUDIA J. THOMAS; | ) | |
| and ERNEST BREUER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Adams County. Hon. Stephen W. Drescher, District Judge.

District court grant of summary judgment, <u>affirmed.</u>

Belnap, Curtis, Williams & Purnell, PLLC, Boise, for appellant. Robert Wade Curtis argued.

Howard, Lopez & Kelly PLLC, Boise, for respondent. Louis Piccioni, Jr. argued.

_____

BURDICK, Justice

A home buyer brought contract and tort claims against an appraiser appointed by the U.S. Department of Veterans Affairs. The district court granted summary judgment in favor of the appraiser on all of the claims. We affirm the grant of summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Lonnie Partout purchased a home in 2001 in Council, Idaho. The U.S. Department of Veterans Affairs (VA) guaranteed the loan financing Partout's purchase of the

1

home. Before the VA guaranteed the loan it requested that Respondent Ron Harper perform an appraisal of the property. Harper identified several problems with the property and recommended a county building inspector examine the property so measures could be established to correct the defects. A letter allegedly signed by Partout was sent to the VA stating Partout understood Harper "had issues with the foundation, venting of the foundations, as well as the crawl space," that he and a county building inspector inspected the property, and that all of the issues had been addressed to his satisfaction. Subsequent to his purchase of the property, Partout discovered the foundation was rotten, cracking, and not built to code or reasonable standards, and that the house had electrical and plumbing problems.

Partout sued several people including Harper. Partout first brought his claims against Harper and Ernest Breuer (former owner of the property) in federal court, but that case was dismissed in 2005 for lack of subject matter jurisdiction. Partout then amended his state court complaint against Adams County Real Estate (ACRE), Inc. and two of its employees to include his claims against Harper and Breuer.

As to Harper, Partout alleged breach of contract, breach of the Idaho Consumer Protection Act, and fraud/misrepresentation. Harper moved for summary judgment, which the district court granted on the first claim only. Harper then moved the court to reconsider and the district court granted summary judgment for Harper on all of the claims and awarded him attorney fees. Partout brought this appeal.

## II. STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same as the standard used by the district court in passing upon a motion for summary judgment. *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to a judgment as a matter of law. *See* I.R.C.P. 56(c); *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). If the evidence reveals no genuine issue as to any material fact, then all that remains is a question of law over which this Court exercises free review. *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 175, 923 P.2d 416, 420 (1996).

## III. ANALYSIS

Partout argues that he was a third-party beneficiary to the contract between Harper and the VA, and that there are issues of material fact precluding summary judgment on his fraud/misrepresentation claims.[1]  Additionally, Partout contends the district court erred in granting Harper attorney fees.  Both Partout and Harper request an award of attorney fees on appeal.  We will address each issue in turn.

### A. Summary Judgment on the Breach of Contract Claim

Partout argues summary judgment on the breach of contract claim was improper because there are genuine issues of material fact regarding Partout's status as a third-party beneficiary to the contract between Harper and the VA.[2]  Harper argues Partout only alleged a breach of contract claim based on I.C. § 55-2501 et seq. which deals with a seller's disclosure form, and therefore, does not apply to Harper.  We will first address whether the third-party beneficiary claim is sufficiently pleaded and then whether there are issues of fact precluding summary judgment on the breach of contract claim.

<u>1. Breach of contract on the basis of third-party beneficiary theory was an issue for summary judgment.</u>

The district court granted summary judgment to Harper on Partout's breach of contract claim.  The court noted Partout submitted argument on the issue of third-party beneficiary theory, however, it determined that argument was irrelevant because Partout's pleading shows the claim was specifically brought under I.C. § 55-2501 et seq., the Idaho Property Condition Disclosure Act.  The district court further held that since I.C. § 55-2501 et seq. deals with the seller's property disclosure form, to which Harper was not a party and with which Harper had no involvement, Harper was entitled to summary judgment on the breach of contract claim.

"[I]ssues considered on summary judgment are those raised by the pleadings." *Gardner v. Evans*, 110 Idaho 925, 939, 719 P.2d 1185, 1199 (1986) (quoting *Argyle v. Slemaker*, 107 Idaho 668, 669, 691 P.2d 1283, 1284 (Ct. App. 1984)).  Thus, this Court must determine whether

---

[1] Partout does not appeal the dismissal of his second claim against Harper, violation of the Idaho Consumer Protection Act.  Below, Partout conceded this was not a valid claim.

[2] Partout also argues that even if he is not a third-party beneficiary, Harper owed Partout a duty "to perform his appraisal in an accurate manner" and that a breach of this duty gives rise to a tort.  Though Partout argued below that his complaint is sufficient to support a claim that Harper committed a tortious breach of his duty, he does not make that argument on appeal.  Therefore, we will not consider this issue on appeal.  *See KEB Enters., L.P. v. Smedley*, 140 Idaho 746, 754, 101 P.3d 690, 698 (2004) (holding this Court does not consider issues not supported by propositions of law, authority, or argument).

the "pleadings . . . can fairly be viewed as adequately giving notice of the claim." *O'Guin v. Bingham County*, 139 Idaho 9, 15, 72 P.3d 849, 855 (2003).

Idaho follows a system of notice pleading. *Cafferty v. State*, *Dept. of Transp.,* 144 Idaho 324, __, 160 P.3d 763, 767 (2007). "A complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief." *Id*. (citing I.R.C.P. 8(a)(1); *Clark v. Olsen*, 110 Idaho 323, 325, 715 P.2d 993, 995 (1986)).

Partout's complaint sets forth breach of contract as the first cause of action. Partout indicates he is bringing that cause of action against Harper and the seller of the house, Breuer. That section of the complaint focuses on Breuer's written disclosure statement and makes no mention of third-party beneficiary theory. However, Partout does make the following factual allegations in his complaint:

13. Plaintiff is a third party beneficiary of the contract between Harper and the Lender, by which the Lender obtained an appraisal, which appraisal was a condition prerequisite to the lender financing the purchase of the house.

. . . .

16. That as a condition of purchase, the home was appraised by a VA approved appraiser, Harper, who was hired and paid to inspect the home for compliance with VA standards and specification; local, state, and federal building, electrical, plumbing and well, and septic code requirements, and to determine the market value of the property for financing purposes.

17. The appraiser examined and made a report and appraisal to VA for financing.

In the complaint Partout specifically alleges a breach of contract claim against Harper. This claim is supported by factual averments in the complaint alleging the existence of a contract between Harper and the VA, and that Partout is a third-party beneficiary to that contract. Additionally, in this case it is clear the complaint put Harper on notice since in his answer he explicitly alleges Partout is not a third-party beneficiary to his contract with the VA. Therefore, we hold the complaint can be fairly viewed to have provided Harper adequate notice of Partout's breach of contract claim based on third-party beneficiary theory, and thus, it was an issue to be considered on summary judgment.

2. Partout failed to establish the essential elements of his third-party beneficiary claim.

When a contract is made expressly for the benefit of a third person, the contract may be enforced by the third person at any time before the parties to the contract rescind it. *Blickenstaff v. Clegg*, 140 Idaho 572, 579, 97 P.3d 439, 446 (2004); I.C. § 29-102. "The test for determining

4

a party's status as a third-party beneficiary . . . is whether the agreement reflects an intent to benefit the third party." *Idaho Power Co. v. Hulet*, 140 Idaho 110, 112, 90 P.3d 335, 337 (2004). The third party must show the contract was made primarily for his benefit; it is not sufficient that the third party is a mere incidental beneficiary to the contract. *Id.* (quoting *Adkison Corp. v. Am. Bldg. Co.,* 107 Idaho 406, 409, 690 P.2d 341, 344 (1984)); *Fenwick v. Idaho Dep't of Lands*, 144 Idaho 318, __, 160 P.3d 757, 762 (2007) (quoting *Dawson v. Eldredge*, 84 Idaho 331, 337, 372 P.2d 414, 418 (1962) (quoting *Sachs v. Ohio Nat'l Life Ins. Co.*, 148 F.2d 128, 131 (7th Cir. 1945))). The intent to benefit the third party must be expressed in the contract itself. *Idaho Power Co.*, 140 Idaho at 112, 90 P.3d at 337 (quoting *Adkison Corp.*, 107 Idaho at 409, 690 P.2d at 344; *Fenwick*, 144 Idaho at __, 160 P.3d at 762 (quoting *Adkison Corp.*, 107 Idaho at 409, 690 P.2d at 344).

In his appellate brief, Partout fails to point to any specific written contract or to set forth the terms of an oral contract showing an intent that the contract benefit Partout. Partout states that in support of his third-party beneficiary claim he submitted portions of the VA's Lender's Handbook and portions of the Uniform Standards of Professional Appraisal Practice which "establishes a material issue of fact as to his status as a third party beneficiary." However Partout does not show that these documents comprise part of the contract, and Idaho law requires that the intent to benefit the third party be expressed in the contract itself.[3]

The assignment letter requesting Harper appraise the property appears in the record, but does not express any intent to benefit Partout. Partout's name does not appear in the letter, the appraisal requestor is Washington Mutual Home Loans, and the letter requests the appraisal report be sent to the VA office. The letter also requests the assignment be completed "according to current VA instructions." A VA appraisal must conform to the Uniform Standards of Professional Appraisal Practice (USPAP) and meet the requirements outlined in chapter 11 of the

---

[3] Partout argues that "[p]roof of the 'intent to benefit' Mr. Partout, and the status of the contract as being made for his direct benefit involves not only the examination of the contract, but the underlying rules and requirements of the VA." However, this argument fails to acknowledge the rule that the intent to benefit the third party be expressed in the contract itself.

Partout additionally argues that the circumstances surrounding the formation of the contract must be considered when determining the parties' intent and relies on *Just's Inc. v. Arrington Constr. Co.*, 99 Idaho 462, 583 P.2d 997 (1978), to support his contention that the circumstances show he is a member of a limited class of people for whose benefit the contract was made. However, *Just's Inc.* relies on *Stewart v. Arrington Constr. Co.*, 92 Idaho 526, 446 P.2d 895 (1968). *Stewart* is clear that circumstances surrounding the contract's formation are only considered when the contract is ambiguous as to the intent to benefit a third party. *Id.* at 532, 446 P.2d at 901.

Department of Veterans Affairs, Veterans Benefits Administration Lender's Handbook VA Pamphlet 26-7. We have not discovered anything in Chapter 11 of the VA Pamphlet or the USPAP that expresses an intent that the appraisal primarily benefit the home buyer.[4]

At summary judgment the burden of proving the absence of material facts is upon the moving party. *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002). The adverse party, however, "may not rest upon the mere allegations or denials of that party's pleadings, but that party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e); *see also Edmunds v. Kraner*, 142 Idaho 867, 876, 136 P.3d 338, 347 (2006). "The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to establish a genuine issue." *Northwest Bec-Corp v. Home Living Serv.*, 136 Idaho 835, 839, 41 P.3d 263, 267 (2002). Therefore, "[t]he moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Badell*, 115 Idaho at 102, 765 P.2d at 127.

At trial Partout would have the burden of proving he is a third-party beneficiary to the contract between Harper and the VA, and Idaho law requires that the contract itself reflect an intent to benefit the third party. *See Idaho Power Co.*, 140 Idaho at 112, 90 P.3d at 337. Partout has failed to show the agreement between Harper and the VA expressed an intent to benefit him. Therefore, we affirm the grant of summary judgment to Harper on the breach of contract claim because Partout failed to establish an essential element to his claim.

**B. Summary Judgment on the Tort Claims**

Partout asserts the district court erred in granting summary judgment on his fraud claims. The district court granted summary judgment based on Partout's failure to establish the essential elements of fraud.

Fraud requires: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be

---

[4] In his brief Partout quotes USPAP SMT-9 which defines "intended user" as "the client and any other party as identified, by name or type, as users of the appraisal . . . by the appraiser on the basis of communication with the client at the time of the assignment." However, the comment explicitly states that the appraiser's obligation to other intended users is limited to requirements identified by the client at the time the appraiser accepts the assignment; we have no information concerning requirements imposed by the client on Harper at the time Harper accepted the assignment. Furthermore, the comment states that "[a] party receiving a report copy from the client does not, as a consequence, become a party to the appraiser-client relationship."

reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *Maroun v. Wyreless Sys., Inc.,* 141 Idaho 604, 615, 114 P.3d 974, 985 (2005) (citing *Lindberg v. Roseth*, 137 Idaho 222, 226, 46 P.3d 518, 522 (2002)).

In this case, Partout failed to produce sufficient evidence to survive summary judgment on his fraud claims against Harper. Fraud requires that a representation is made and that the "hearer" relies on the representation. *Id.* Yet, Partout fails to produce any evidence or make any allegation that Harper made any representation to him prior to his purchase of the property.[5]

In his opposition to summary judgment, Partout supported the representation element of fraud by citing to Harper's appraisal report. However, Harper submitted an excerpt from Partout's deposition wherein Partout admits he never received his own copy of the appraisal and that no one showed him a copy of the appraisal prior to purchasing the house. Partout has failed to produce any contrary evidence. Therefore, because Partout has failed to show Harper made him any representation which he relied upon, he has failed to establish an essential element to his case. Thus, we affirm the dismissal of Partout's fraud claims against Harper.[6]

## C. Attorney Fees

Partout argues Harper was not entitled to an award of attorney fees below. Both Partout and Harper request an award of attorney fees on appeal. We will address each issue in turn.

### 1. We affirm the award of attorney fees below.

Partout argues the district erred in awarding Harper attorney fees pursuant to I.C. § 12-121. "An award of attorney fees under Idaho Code § 12-121 is discretionary; but it must be supported by findings and those findings, in turn, must be supported by the record." *Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 799, 41 P.3d 220, 227 (2001). To determine whether the findings are supported by the record, "we look to see if there is substantial evidence to support the finding[s]." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 92, 803 P.2d 993, 998 (1991). Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific

---

[5] Partout argues that because he was a third-party beneficiary, "the reliance of the VA [on Harper's appraisal report prior to closing] is transferred to Mr. Partout." First, there is no support for this argument. Second, Partout has not established he is a third-party beneficiary.

[6] Consequently, it is unnecessary for this Court to consider Harper's arguments on alternate grounds for affirming summary judgment: judicial admission, judicial estoppel, and the statute of limitations.

choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004).

In support of its award of attorney fees, the district court stated:

> In the Order on Motions for Summary Judgment entered on August 29, 2006, this court found that there was no factual basis for Plaintiff's breach of contract claim. In the Order on Various Motions entered on January 8, 2007, this court further found that the Plaintiff admitted that the ICPA did not apply to Defendant Harper. It was also found that Plaintiff could not establish the reliance element of its fraud claim. Moreover, based on the Plaintiff's admissions, they should have known that they could not prove an element of that claim. Considering that all of the Plaintiff's claims against Harper were ultimately dismissed on summary judgment, Harper is clearly the prevailing party as between himself and the Plaintiff. Further, the Plaintiff would have only had to do a modicum of investigation and consideration of the facts to conclude the causes of action against Harper were meritless and/or the evidence was clearly insufficient to proceed. For these reasons, attorneys fees and costs will be awarded to Defendant Harper.

Partout argues that because it is unsettled in Idaho whether a veteran is a third-party beneficiary to an appraiser's contract, his claim is not without basis. However, as discussed above, Idaho law clearly requires an intent to benefit a third party be found in the contract itself and Partout failed to provide this necessary evidence. Therefore, we conclude the record supports the district court's finding that Partout only needed "to do a modicum of investigation and consideration of the facts to conclude the causes of action against Harper were meritless and/or the evidence was clearly insufficient to proceed." The district court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion, and reached its decision by an exercise of reason. Furthermore, its award of attorney fees was supported by findings which were supported by the record. Therefore, we affirm the award of attorney fees to Harper below.[7]

2. Partout is not entitled to attorney fees on appeal.

Partout requests attorney fees on appeal pursuant to I.C. §§ 12-120 and 12-121. Idaho Code § 12-121 allows an award of reasonable attorney's fees to the prevailing party. Idaho Code

---

[7] Additionally, we hold the amount of the district court's award of attorney fees is reasonable. Partout asserts Harper is trying to collect attorney fees for the federal court case and that Harper did not conduct a deposition in the state court action. The calculation of reasonable fees is reviewed for an abuse of discretion. *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007). The billing invoices submitted by Harper begin with work done on February 6, 2006, which was after the case in federal court was dismissed, and the invoices do not contain any charge for a deposition. Thus, Partout fails to show the district court abused its discretion in awarding reasonable attorney fees.

§ 12-120(3) allows an award of reasonable attorney's fees to the prevailing party in a civil action to recover on any contract relating to the purchase or sale of services. Since we affirm summary judgment in favor of Harper, Partout is not a prevailing party. Hence, we decline to award Partout attorney's fees on appeal.

3. We decline to award Harper attorney fees on appeal.

Harper requests attorney fees on appeal pursuant to I.C. § 12-121. Attorney fees are awarded to the prevailing party only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999). Though we affirm the grant of summary judgment, we disagree with the district court's basis for summary judgment on the contract claim. Thus, we cannot say this appeal was entirely frivolous, unreasonable, or without foundation. Therefore, we decline to award Harper attorney fees on appeal.

**IV. CONCLUSION**

We affirm the grant of summary judgment to Harper on the breach of contract claim and on the fraud claims. Additionally, we affirm the district court's award of attorney fees to Harper below. We award no attorney fees on appeal. Costs to Harper.

Chief Justice EISMANN and Justices  J. JONES, W. JONES and HORTON, **CONCUR.**