# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44046

VAL D. WESTOVER and LAREE H. WESTOVER,

    Plaintiffs-Appellants,

v.

JASE D. CUNDICK, in his individual capacity and in his official capacity as Franklin County Assessor, and JOHN DOES 1 and 2,

    Defendants-Respondents.

Boise, February 2017 Term

2017 Opinion No. 33

Filed: April 14, 2017

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

The judgment of the district court is <u>affirmed</u>.

Atkin Law Offices, P.C., Clifton, for appellants. Blake S. Atkin argued.

Naylor & Hales, P.C., Boise, for respondents. Tyler D. Williams argued.

_____

HORTON, Justice.

Val and LaRee Westover appeal from the district court's judgment and denial of their request for writs of mandate and prohibition against Franklin County Assessor Jase Cundick. The dispute arose when the Westovers granted an easement to Rocky Mountain Power on property owned by the Westovers. Based on his office's records, Cundick sent a letter to Rocky Mountain Power stating that the Westovers did not own the property in question. The Westovers sought a writ of mandate to require Cundick to retract the letter and a writ of prohibition to prevent him from sending such letters in the future. The district court denied the Westovers' request for writs of mandate and prohibition after it concluded that there were other remedies available at law.

On appeal, the Westovers assert that the district court erred by failing to grant injunctive relief prohibiting Cundick from sending out letters concerning real estate transactions and

1

property ownership. Although the Westovers' complaint did not request that the district court grant injunctive relief, they assert that the district court erred because the Westovers were clearly entitled to injunctive relief under Idaho Rule of Civil Procedure 54(c). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November of 2007, the Westovers entered into a contract to purchase the family farm (Property) from Val's parents Don and Connie Westover. On November 27, 2007, the Westovers recorded a Memorandum of Real Estate Contract with the Franklin County Recorder's Office. The sales contract itself was not recorded and the records in the recorder's office continued to show that Don and Connie Westover were the owners of the Property. On February 25, 2008, two quitclaim deeds with respect to the same Property were recorded between Don and Connie Westover and Dexter and Linda Ralphs to adjust the acreage of their respective properties. The quitclaim deeds indicated that Don and Connie Westover remained the owners of the Property.

On December 3, 2012, a warranty deed conveying the Property from Don Westover to the Don A. Westover Trust was recorded. Based on that warranty deed, the assessor's office updated its records to show the Don A. Westover Trust as the owner of the Property. On March 17, 2015, the Westovers conveyed an underground right of way easement on the Property to Rocky Mountain Power as part of a contract to receive power for their business. The easement was recorded on April 20, 2015. The Westovers then paid $37,000 to install lines and equipment to receive electrical service.

On May 14, 2015, a warranty deed dated November 17, 2007, conveying the Property from Don and Connie Westover to the Westovers was recorded. On May 29, 2015, Cundick sent a letter to the Westovers and Rocky Mountain Power informing them of his concern that "the property description included in [the April 20, 2015 Underground Right of Way Easement] is not owned by the Grantor . . . ." Cundick's office did not obtain information regarding the May 14, 2015, recorded deed until after he sent his letter.

Rocky Mountain Power contacted the Westovers about the letter and informed them they would need to correct the problem within thirty days or it would turn off the Westovers' power and remove its equipment. After speaking with the Westovers, Rocky Mountain Power agreed not to take any action until the Westovers had addressed the problem. The Westovers contacted the assessor's office requesting that it retract the May 29 letter. Despite communication between the parties and eventual communication through the parties' attorneys, the dispute was not

resolved. On June 8, 2015, a quitclaim deed conveying the Property from the Don A. Westover Family Trust to the Westovers was recorded. At that time, the assessor's office changed its records to reflect the Westovers as the owners of the Property

On July 30, 2015, the Westovers filed their complaint against Cundick. The Westovers amended their complaint August 20, 2015, suing Cundick in his individual and official capacities and seeking writs of mandate and prohibition, damages for slander of title, and intentional interference with existing or potential economic relations.

On September 14, 2015, Cundick moved to dismiss the action. Cundick argued that the Westovers lacked standing to pursue their claims because they had not presented evidence of an injury in fact. Further, Cundick argued that the Westovers' claim for writs of mandate and prohibition should be dismissed because Cundick had not violated any clear legal right or had a clear legal duty to retract the letter and there were alternative remedies at law available to the Westovers. On October 23, 2015, the Westovers moved for summary judgment.

In November 12, 2015, the district court vacated the scheduled hearings on Cundick's motion to dismiss and the Westovers' motion for summary judgment in order to give the parties an opportunity to mediate the dispute. On December 11, 2015, Cundick sent the Westovers and Rocky Mountain Power a letter retracting his previous claim that the Westovers did not own the Property. On January 6, 2016, the Westovers filed a motion for the district court to issue the requested writs of mandate and prohibition and to dismiss their remaining claims without prejudice. The parties unsuccessfully participated in mediation on January 15, 2016.

On February 11, 2016, the district court held a hearing on the Westovers' motion. The district court granted the Westovers' motion to dismiss their claims for slander of title and tortious interference with prospective economic advantage; however, the district court denied the Westovers' requests for writs of mandate and prohibition, concluding there were other available remedies at law. The Westovers timely appealed.

## II. STANDARD OF REVIEW

"This Court reviews questions of law de novo." *State, Dep't of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004). "Statutory interpretation is a question of law over which this Court exercises free review." *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 748, 274 P.3d 1256, 1263 (2012).

## III. ANALYSIS

On appeal, the Westovers argue: (1) the district court erred in refusing to grant injunctive relief prohibiting Cundick from sending out letters to parties concerning real estate transactions and property ownership; and (2) the district court erred by failing to grant injunctive relief that was not demanded in the pleadings where under Idaho Rule of Civil Procedure 54(c) it clearly appeared that the Westovers were entitled to injunctive relief.

**A. The district court did not have a duty to *sua sponte* grant the Westovers injunctive relief not requested in their pleadings.**

The district court denied the Westovers' request for writs of mandate and prohibition, reasoning that the issuance of an extraordinary writ was inappropriate given that the Westovers could have sought injunctive relief. This ruling was correct. It is only appropriate for a court to issue an extraordinary writ "where there is not a plain, speedy and adequate remedy in the ordinary course of law." I.C. § 7-303 (writ of mandate); I.C. § 7-402 (writ of prohibition). "The existence of an adequate remedy in the course of legal procedure, either legal or equitable in nature, will prevent the issuance of a writ of mandamus." *Butters v. Hauser*, 131 Idaho 498, 501, 960 P.2d 181, 184 (1998) (citing *Edwards v. Industrial Comm'n of State*, 130 Idaho 457, 459–60, 943 P.2d 47, 49–50 (1997)). Likewise, the availability of injunctive relief warrants dismissal of an action for a writ of prohibition. *Wasden ex rel. State v. Idaho State Bd. of Land Comm'rs*, 150 Idaho 547, 551–54, 249 P.3d 346, 350–53 (2010).

The Westovers do not challenge the district court's reasoning. However, they contend the district court erred by failing to *sua sponte* grant injunctive relief under Idaho Rule of Civil Procedure 54(c). In support of their argument, the Westovers rely upon this Court's decision in *McKay Construction Co. v. Ada County Board of County Commissioners*, 99 Idaho 235, 580 P.2d 412 (1978). The Westovers contend that in *McKay* "this Court held that a district court erred in simply dismissing a case challenging the ultra vires actions of government officials rather than using its power under Rule 54(c) to grant the remedy to which the party was entitled even where it had not been requested."

The question whether Idaho Rule of Civil Procedure 54(c) and our precedent imposed a duty upon the district court to *sua sponte* grant injunctive relief not requested in the Westovers' pleadings is a matter of first impression for this Court to decide.

4

At the time of the proceedings before the district court, Idaho Rule of Civil Procedure 54(c) provided, in pertinent part:[1] "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which **the party in whose favor it is rendered is entitled**, even if the party has not demanded such relief in his pleadings." (emphasis added). The district court did not reach the merits of the Westovers' arguments because it concluded that it would dismiss the Westovers' actions for extraordinary writs because of the availability of equitable remedies. Under the plain language of the rule, the Westovers were not entitled to injunctive relief as they were not the "party in whose favor" the judgment was rendered.

Further, the Westovers have misinterpreted this Court's holding in *McKay*. In *McKay*, McKay sought writs of mandate and prohibition to prevent a third party (Whitmore) from performing a sanitary landfill contract Ada County awarded to Whitmore as the low bidder. *McKay*, 99 Idaho at 236, 580 P.2d at 413. McKay sought to compel Ada County to award the contract to McKay as the lowest licensed bidder and to recover damages from Ada County for lost earnings. *Id.* McKay asserted that relief should be granted because the third party failed to comply with statutory bonding and licensing requirements. *Id.* The district court dismissed McKay's petition concluding that Whitmore's indemnity bond satisfied statutory requirements and that the statutory sanctions provided in Idaho Code section 53-1920 for contracting without a license did not automatically void the contract. *Id.* at 237, 580 P.2d at 414.

We reversed and remanded the case for further proceedings concluding: (1) "I.C. § 54-1926 requires a bond executed by a surety authorized to do business in Idaho, and the county was not at liberty to waive that requirement in favor of some alternative form of security;" and (2) "Whitmore was not eligible to bid on or receive the county's sanitary landfill contract because Whitmore did not have a public works contractor's license as required by I.C. § 54-1902." *Id.* at 238–39, 580 P.2d at 415–16.

This Court referred to Rule 54(c) once in *McKay*, addressing the county and Whitmore's erroneous claim that their contract was not void. We reasoned that "it is apparent that even if the county's contract with Whitmore is not absolutely void as between the parties to it, McKay may

---

[1] Effective July 1, 2016, the rule was amended. It now provides, in pertinent part: "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

nevertheless be entitled to injunctive relief against Whitmore's continued performance without a public works contractor's license. *See* I.R.C.P. 54(c)." *Id.* at 240, 580 P.2d at 417.

Nowhere in *McKay* did this Court suggest that the district court's failure to consider injunctive relief under Rule 54(c) was the basis for our reversal of the district court decision. As Cundick correctly argues: "It appears that the Westovers, in analyzing *McKay*, have conflated the issues of the special writs as to Ada County with the injunction as to Whitmore Transportation, and thus come to an incorrect conclusion." We hold that the district court did not err by failing to *sua sponte* grant injunctive relief that was not sought in the Westovers' pleadings.

**B. Neither party is entitled to attorney fees on appeal.**

Both parties request attorney fees on appeal under Idaho Code section 12-117. The statute provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the non-prevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117. Because the issue whether the district court had a duty to *sua sponte* grant injunctive relief not requested in the Westovers' pleadings based on Idaho Rule of Civil Procedure 54(c) is an issue of first impression, we do not award attorney fees to either party on appeal. "A party is not entitled to attorney's fees if the issue is one of first impression in Idaho." *Fuchs v. State, Dep't of Idaho State Police, Bureau of Alcohol Beverage Control*, 152 Idaho 626, 632, 272 P.3d 1257, 1263 (2012) (citing *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007)).

### IV. CONCLUSION

We affirm the judgment of the district court and award Cundick costs on appeal.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.