# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44722 / 45368

| | | |
|---|---|---|
| VAL D. WESTOVER, | ) | Boise, June 2018 Term |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 28, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| IDAHO COUNTIES RISK MANAGEMENT | ) | SUBSTITUTE OPINION. THE |
| PROGRAM, | ) | COURT'S PRIOR OPINION |
| | ) | DATED SEPTEMBER 6, 2018, |
| Defendant-Respondent. | ) | IS HEREBY WITHDRAWN. |
| | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

The judgment of the district court is <u>affirmed</u>.

Atkin Law Office, PC, Clifton, for appellant. Blake S. Atkin argued.

Anderson, Julian & Hull, LLP, Boise, for respondent. Phillip J. Collaer argued.

---

HORTON, Justice.

Val D. Westover filed this action seeking a declaration that the existence of the Idaho Counties Risk Management Program (ICRMP) violates Idaho law. Westover appeals from the district court's grant of summary judgment in favor of ICRMP. Westover also appeals the district court's decision to award attorney fees to ICRMP under Idaho Code section 12-121. The district court held that Westover did not have standing to pursue his claim. We affirm the judgment of the district court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This litigation follows an earlier dispute between Westover and Jase Cundick, the Franklin County Assessor. That dispute came before this Court in *Westover v. Cundick*, 161 Idaho 933, 393 P.3d 593 (2017). There, Westover advanced claims for slander of title and intentional interference with existing or potential economic relations and sought writs of mandate and prohibition. *Id*. at 935, 393 P.3d at 595. After Westover voluntarily dismissed the slander of

1

title and tortious interference claims, the district court denied his requests for extraordinary writs and dismissed the action. *Id*. at 936, 393 P.3d at 596. Westover appealed. We affirmed the judgment of the district court and declined to award attorney fees to either party. *Id*. at 937–38, 393 P.3d at 597–98.

Westover then brought this action, seeking a declaration that ICRMP's existence and relationship with county governments violates the directive in Idaho Code section 12-117(3) that attorney fees awarded against a state agency or political subdivision "shall be paid from funds in the regular operating budget . . . ."

ICRMP moved for summary judgment, contending that Westover lacked standing to pursue his claim. In response, Westover moved for an order compelling discovery and opposed ICRMP's motion for summary judgment on the basis that ICRMP had failed to adequately respond to his discovery requests. The district court treated Westover's opposition as a motion under Idaho Rule of Civil Procedure 56(d) to defer decision on the motion for summary judgment. The district court denied the motion because Westover had not complied with the affidavit or declaration requirement of the rule. The district court then granted ICRMP's motion. In a written opinion, the district court held that Westover lacked standing to pursue the action, relying on this Court's decision in *Brooksby v. Geico General Insurance Company*, 153 Idaho 546, 286 P.3d 182 (2012), *overruled on other grounds by Tucker v. State*, 162 Idaho 11, 394 P.3d 54 (2017).

After granting ICRMP's motion for summary judgment, ICRMP moved for attorney fees under Idaho Code section 12-121 on the grounds that Westover's appeal was frivolous and without foundation. The district court denied this request solely because none of the materials in support of ICRMP's motion itemized the claimed expenses as required. ICRMP filed a motion to reconsider the district court's denial of attorney fees. The district court granted the motion to reconsider and subsequently granted the request for attorney fees after the itemization issue was resolved.[1] Westover timely appealed.

## II.    STANDARD OF REVIEW

---

[1] The district court granted the motion to reconsider after accepting an affidavit containing the required itemization that was not originally included in the court's record. The district court accepted this affidavit pursuant to Idaho Rule of Civil Procedure 60(a) after a motion from ICRMP. Because Westover has not challenged that decision on appeal, we shall not address it.

A motion pursuant to Idaho Rule of Civil Procedure 56(d) for an extension of time to file additional affidavits, depositions, and interrogatories in opposition to a motion for summary judgment is committed to the discretion of the district court. *Haight v. Idaho Dep't of Transportation*, 163 Idaho 383, 388, 414 P.3d 205, 210 (2018). "The awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion." *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004). When this Court reviews an alleged abuse of discretion by a trial court, we consider "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

"Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *Tucker v. State*, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017) (quoting *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012)). "[J]usticiability challenges are subject to Idaho Rule of Civil Procedure 12(b)(1) since they implicate jurisdiction." *Id*. at 18, 394 P.3d at 61. "[J]usticiability doctrines can be raised *sua sponte* at any time." *Id*. at 18 n.4, 394 P.3d at 61 n.4.

## III.    ANALYSIS

### A. The district court did not err in ruling on ICRMP's motion for summary judgment.

As a preliminary issue, Westover argues that the district court erred by not considering his motion to compel that was filed in opposition to ICRMP's motion for summary judgment. The district court treated this motion as made under Idaho Rule of Civil Procedure 56(d). That Rule provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

I.R.C.P. 56(d). We recently explained these requirements in *Fagen, Inc. v. Lava Beds Wind Park, LLC*, 159 Idaho 628, 364 P.3d 1193 (2016):

> The rule clearly contemplates that such a motion must be supported with an affidavit stating the reasons why the continuance is necessary. The party seeking a continuance has the burden of setting out what further discovery would reveal that

3

is essential to justify their opposition, making clear what information is sought and how it would preclude summary judgment.

*Id.* at 632, 364 P.3d at 1197 (internal quotations and citations omitted).

The district court found no basis for delaying consideration of ICRMP's motion:

Westover has wholly failed to comply with I.R.C.P. 56(d). He did not file a motion requesting any relief allowed pursuant to I.R.C.P. 56(d) . . . . He did not file an affidavit or declaration setting forth a "specified reason" for any of the relief allowed . . . .

On appeal, Westover does not dispute the district court's description of the procedural posture of his motion. Indeed, his opening brief does not identify the standard of review relating to a motion pursuant to Rule 56(d), I.R.C.P., much less attempt to explain why the district court's decision constituted an abuse of discretion. This is fatal to his contention that the district court erred by entertaining ICRMP's motion for summary judgment without deciding his motion to compel. *Mortensen v. Berian*, 163 Idaho 47, 53, 408 P.3d 45, 51 (2017).

**B. The district court properly dismissed Westover's action.**

Turning to the substance of Westover's appeal, he challenges the district court's determination that he lacked standing to advance his claim that ICRMP's existence and relationship with county governments violates the requirement in Idaho Code section 12-117(3) that attorney fees awarded against a state agency or political subdivision "shall be paid from funds in the regular operating budget . . . ." Westover contends that Idaho Code section 10-1202 gives him standing as a "person interested . . . whose rights, status or other legal relations are affected by a statute [or] contract . . . ." The district court granted summary judgment after finding that Westover had "no contractual, tortious or other legal basis or standing to sue" and, absent an actual or justiciable controversy, Idaho's Uniform Declaratory Judgment Act, Idaho Code sections 10-201–10-1216, did not independently give Westover standing to pursue his claim.

"Justiciability is generally divided into subcategories—advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions." *Wylie v. State*, 151 Idaho 26, 31, 253 P.3d 700, 705 (2011) (quoting *Miles v. Idaho Power Co.*, 116 Idaho 635, 639, 778 P.2d 757, 761 (1989)). "Concepts of justiciability . . . identify appropriate or suitable occasions for adjudication by a court." *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 513, 387 P.3d 761, 766 (2015) (quoting *State v. Philip Morris, Inc.*, 158 Idaho 874, 881, 354 P.3d 187, 194 (2015)). This Court has previously stated that Idaho Code section

4

10-1202 applies only " 'in a case where an actual or justiciable controversy exists.' This concept precludes courts from deciding cases which are purely hypothetical or advisory." *Wylie*, 151 Idaho at 31, 253 P.3d at 705 (quoting *State v. Rhoades*, 119 Idaho 594, 597, 809 P.2d 455, 458 (1991)). Because the Idaho Constitution does not contain a strict case or controversy requirement—unlike the federal Constitution—the justiciability requirement is a "self-imposed constraint" that may be relaxed in rare cases to guarantee "important constitutional provisions." *Coeur d'Alene Tribe*, 161 Idaho at 513–14, 387 P.3d at 766–67.

The different justiciability doctrines are closely related and can often overlap when no actual case or controversy exists. Although the district court considered only whether Westover had standing, we are free to affirm the result on different grounds. *See, e.g., Murray v. State*, 156 Idaho 159, 164, 321 P.3d 709, 714 (2014). In our view, there is no justiciable controversy because Westover seeks an impermissible advisory opinion.

Westover's theory is that ICRMP insulates its insured from the financial risks associated with litigation created by Idaho Code section 12-117(3)[2] and thus "undermines the legislature's intent to bring some modicum of reasonableness to local government by requiring the government actors to have skin in the game." He claims standing because the Franklin County Assessor took unreasonable positions in the previous action that protracted the litigation, thus increasing the costs for all parties involved.

We first observe that declaratory judgment actions run a particular risk of crossing the "fine line between purely hypothetical or academic questions and actually justiciable cases." *Rhoades*, 119 Idaho at 598, 809 P.2d at 459. We have previously discussed the case or controversy requirement's relationship with advisory opinions:

> A controversy in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or

---

[2] The statute provides:

> **Expenses awarded against a state agency or political subdivision pursuant to this section shall be paid from funds in the regular operating budget of the state agency or political subdivision.** If sufficient funds are not available in the budget of the state agency, the expenses shall be considered a claim governed by the provisions of section 67-2018, Idaho Code. If sufficient funds are not available in the budget of the political subdivision, the expenses shall be considered a claim pursuant to chapter 9, title 6, Idaho Code. Every state agency or political subdivision against which litigation expenses have been awarded under this act shall, at the time of submission of its proposed budget, submit a report to the governmental body which appropriates its funds in which the amount of expenses awarded and paid under this act during the fiscal year is stated.

I.C. § 12-117(3) (emphasis added).

dispute of a hypothetical or abstract character; from one that is academic or moot. **The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.** It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, **as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.**

*Harris v. Cassia Cnty.*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984) (emphasis added) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241–42 (1937)). "Therefore, courts will not rule on declaratory judgment actions which present questions that are moot or abstract." *Wylie*, 151 Idaho at 31, 253 P.3d at 705. "An action for declaratory judgment is moot where the judgment, if granted, **would have no effect either directly or collaterally on the plaintiff**, the plaintiff would be unable to obtain further relief based on the judgment and no other relief is sought in the action." *Idaho Sch. for Equal Educ. Opportunity By & Through Eikum v. Idaho State Bd. of Educ. By & Through Mossman*, 128 Idaho 276, 282, 912 P.2d 644, 650 (1996) (emphasis added).

We understand Westover's frustration with the previous litigation; indeed, one member of this Court characterized the Franklin County Assessor's conduct as "pigheaded" during oral argument. Nevertheless, the fact remains that the previous litigation did not result in an award of attorney fees under Idaho Code section 12-117, either before the trial court or on appeal. There is no indication that Westover is currently or prospectively involved in litigation to which Idaho Code section 12-117 may apply. Thus, Westover's declaratory judgment action is completely hypothetical; any interpretation of Idaho Code section 12-117 by this Court would have no direct practical effect on Westover, perhaps apart from a sense of vindication. As such, we hold that the district court properly dismissed Westover's request for a non-justiciable advisory opinion.

### C. Westover has not shown that the district court abused its discretion in awarding attorney fees to ICRMP under Idaho Code section 12-121.

Westover also argues that the district court abused its discretion in awarding ICRMP attorney fees pursuant to Idaho Code section 12-121 after finding that his claim was pursued without foundation. "An award of attorney fees under Idaho Code § 12-121 is discretionary; but it must be supported by findings and those findings, in turn, must be supported by the record." *Partout v. Harper*, 145 Idaho 683, 689, 183 P.3d 771, 777 (2008). When analyzing one of the essential elements of the abuse of discretion test, we have said that our role "is to review the process the district court engaged in to make its decision." *State v. Le Veque*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2018).

6

On appeal, Westover equates the attorney fee award against him to "sanctions" both in name and by citing to federal case law regarding the legal standard for sanctions under Federal Rule of Civil Procedure 11. We are unwilling to draw the same comparison. Instead, Westover should have relied upon the body of Idaho law interpreting Idaho Code section 12-121.

Review of the district court's analysis of the required factors under Idaho Rule of Civil Procedure 54(e)(3) shows no error. While it may seem anomalous that we are affirming the district court's award of attorney fees while declining to award them on the same grounds, this highlights the deference shown under the abuse of discretion standard of review. As we have previously noted: "the question is not 'whether we would have reached a different conclusion.' " *Estate of Ekic v. Geico Indem. Co.*, 163 Idaho 895, ___, 422 P.3d 1101, 1105 (2018). Indeed, we have issued similar opinions before. *See Partout v. Harper*, 145 Idaho 683, 183 P.3d 771 (2008). We find that Westover has not shown that the district court abused its discretion in awarding attorney fees to ICRMP.

**D. Westover has not shown that the district court abused its discretion in granting ICRMP's motion to reconsider.**

Westover also argues that the district court abused its discretion by granting ICRMP's motion to reconsider its initial decision to deny ICRMP's request for attorney fees. Westover contends that this Court should review that decision for "correctness." However, as we have made clear, the standard of review for a decision to grant or deny a motion for reconsideration is more nuanced:

> On a motion for reconsideration, the court must consider any new admissible evidence or authority bearing on the correctness of an interlocutory order. However, a motion for reconsideration need not be supported by any new evidence or authority. When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration. If the decision was within the trial court's discretion, we apply an abuse of discretion standard.

*Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). Thus we analyze the district court's decision to grant ICRMP's motion to reconsider for an abuse of discretion.

However, Westover has failed to articulate this standard in his briefing or elucidate any reasons for his belief that the district court erred. As we have repeatedly noted:

> when a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it[,] or that the district court did not reach its decision by an exercise of reason," such a conclusory argument is "fatally deficient" to the party's case.

*Estate of Ekic*, 163 Idaho at ___, 422 P.3d at 1105 (quoting *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017)). Because Westover has not properly argued this issue, his appeal of this issue is fatally deficient and he cannot prevail.

Further, as we noted above, when analyzing discretionary decisions of trial courts, our role "is to review the process the district court engaged in to make its decision." *Le Veque*, ___ Idaho at ___, ___ P.3d at ___. The district court performed the process correctly. It recognized the issue as one of discretion and acted within the outer bounds. Its decision was consistent with the applicable legal standards and reasonable. Thus in our view, Westover has not shown that the district court abused its discretion in granting ICRMP's motion to reconsider.

**D. ICRMP is not entitled to an award of attorney fees on appeal.**

ICRMP has prevailed in this appeal. ICRMP asks that it be awarded attorney fees under Idaho Code section 12-121 because Westover's appeal was "brought, pursued, or defended frivolously, unreasonably or without foundation." We are not persuaded that Westover's appeal has been frivolously pursued. Accordingly, we do not award attorney fees to ICRMP.

## IV. CONCLUSION

We affirm the judgment and other decisions of the district court. We award costs, but not fees, to ICRMP.

Chief Justice BURDICK, Justices BRODY, BEVAN and Justice Pro Tem SCHROEDER **CONCUR.**

8