**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50631**

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) ) |
| | **Filed: June 30, 2023** |
| | **Melanie Gagnepain, Clerk** |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Petitioner-Respondent, | ) ) ) |
| v. | ) ) ) |
| JOHN DOE (2023-11), | ) ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Marilyn B. Paul, Twin Falls County Public Defender; Adam J. Ondo, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

John Doe (2023-11) appeals from the judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of the child involved in this action, who was born in 2021. The child was taken into temporary shelter care after testing positive for controlled substances at birth. Thereafter, the child was placed into the custody of the Department of Health and Welfare and then into foster care. The magistrate court approved a case plan for Doe and the child's mother

1

and conducted several review hearings while the child was in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of each parent. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe had neglected and abandoned the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probably or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe raises three issues on appeal. First, Doe seeks clarification regarding "what is required to conclude a termination proceeding." Second, Doe asserts the three documents entered in this case--"the order, decree, and judgment should all be vacated"--because they lack express jurisdictional findings required by I.C. § 16-2010(1). Third, Doe challenges the sufficiency of the evidence supporting the magistrate court's decision to terminate his parental rights. The Department responds that applicable statutes and appellate rules require a decree and separate final

---

[1]     The magistrate court also terminated the parental rights of the child's mother. The decision to terminate the mother's parental rights is not at issue in this appeal.

judgment to conclude a termination proceeding. The Department further asserts that Doe failed to preserve his argument that the magistrate court's written jurisdictional findings are deficient and that clear and convincing evidence supports the magistrate court's best interests determination. We affirm the judgment of the magistrate court terminating Doe's parental rights.

## A.     Final Documents Required in Termination Proceedings

Doe asserts "there appears to be confusion across the magistrate courts as to what is required to conclude a termination proceeding which makes it difficult for practitioners to know what to appeal from." In this vein, Doe argues that, while I.C. §§ 16-2010 and 16-2014 reference orders or decrees granting or denying termination, I.A.R. 11.1(a)(1) authorizes appeals from "final judgments granting a petition for termination of parental rights." According to Doe, "instead of three separate documents--an order, decree, and final judgment," as were filed in this case, "magistrate courts should be entering a single document entitled 'Decree' which begins 'Judgment is entered as follows' and contains the required findings of fact and conclusions of law" under I.C. § 16-2010. Although the Department addressed the merits of this argument in its response brief, we hold that no justiciable controversy exists between the parties regarding this issue.

Justiciability questions are generally viewed to be divisible into several subcategories--advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions, and administrative questions. *Student Loan Fund of Idaho, Inc. v. Payette Cnty.*, 125 Idaho 824, 826, 875 P.2d 236, 238 (Ct. App. 1994). These concepts describe appropriate or suitable issues for adjudication by a court. *Westover v. Idaho Ctys. Risk Mgmt. Program*, 164 Idaho 385, 389, 430 P.3d 1284, 1288 (2018). This Court has previously declined to address issues that would not resolve an actual controversy between the parties because they seek an impermissible advisory opinion. *See Carr v. Carr*, 108 Idaho 684, 690, 701 P.2d 304, 310 (Ct. App. 1985). Justiciability can be raised sua sponte at any time. *Westover*, 164 Idaho at 388, 430 P.3d at 1287.

Despite Doe's insistence that he "does not raise this issue merely to seek guidance from an appellate court," the practical effect of an appellate opinion resolving the issue would be advisory. The Department does not contend Doe appealed from the wrong document or filed an untimely notice of appeal. To the contrary, the record indicates that Doe filed his notice of appeal within fourteen days of the date file stamped on the magistrate court's opinion and order regarding

termination of his parental rights, decree, and final judgment. Additionally, Doe designated each document as the judgment or order appealed from as required by I.A.R. 17(e)(1). Accordingly, regardless of which document Doe should have appealed from, his notice of appeal conferred appellate jurisdiction upon this Court. *See* I.A.R. 12.2(a)(1) (requiring a notice of appeal to be filed within fourteen days of the date file stamped on a judgment terminating parental rights); *see also Twin Falls Cnty. v. Coates*, 139 Idaho 442, 444, 80 P.3d 1043, 1045 (2003) (holding that a "timely notice of appeal is a jurisdictional prerequisite to challenge a decision made by a lower court"). Thus, discussing how the magistrate court should enter written findings of fact and conclusions of law and indicate the relief granted in a termination proceeding would only resolve an academic issue. That Doe does not request affirmative relief in relation to this issue by, for example, requesting a remand to facilitate entry of the single document purportedly required, further buttresses the conclusion that the issue he raises invites an advisory opinion. This Court declines to undertake such an exercise.

## B.    Written Jurisdictional Findings

Doe contends that "the order, decree and judgment should be vacated and the case remanded" because the documents fail to contain express jurisdictional findings. Notably, Doe does not assert that the record indicates that the magistrate court lacked jurisdiction to adjudicate the Department's petition to terminate his parental rights. Rather, Doe argues that the magistrate court failed to include factual findings pertaining to its jurisdiction as required under I.C. § 16-2010(1)[2] in the written order, decree, or judgment terminating his parental rights. However, Doe did not raise the issue of the sufficiency of written jurisdictional findings before the magistrate court.

Under I.R.C.P. 52(c), in actions tried without a jury, parties may not assign as error the lack of findings unless the parties raised the issue to the trial court by an appropriate motion. This requirement comports with general error preservation requirements applied by Idaho's appellate courts. Generally, issues not raised below may not be considered for the first time on appeal.

---

[2]    Idaho Code Section 16-2010(1) provides, in pertinent part: "Every order of the court terminating the parent and child relationship or transferring legal custody or guardianship of the person of the child shall be in writing and shall recite the findings upon which such order is based, including findings pertaining to the court's jurisdiction."

*Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because Doe did not raise the issue before the magistrate court, he has waived any error related to the sufficiency of the magistrate court's written jurisdictional findings.

**C.    Best Interests**

A trial court may terminate an individual's parental rights if it finds by clear and convincing evidence that a statutory ground for termination exists and that termination is in the best interests of the child. I.C. §§ 16-2005, 16-2009; *In re Doe*, 159 Idaho 192, 196, 358 P.3d 77, 81 (2015). Doe does not challenge the magistrate court's findings that the Department established a statutory ground for termination and, thus, we do not address that determination. Rather, our inquiry focuses on the sufficiency of the evidence supporting the magistrate court's best interests determination.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court made several findings relevant to its best interests determination. As to Doe, the magistrate court specifically found that he: (1) has never had physical contact with the child since her birth; (2) "has never provided financial or material support for the child"; (3) "has never demonstrated any particular interest or involvement with the child"; (4) "has never shown the slightest inclination to be a responsible father"; (5) failed to make any progress on his case plan; (6) did not provide documentation that he can financially provide for the basic needs of the child; (7) has been homeless throughout the case; and (8) was incarcerated at the time of the magistrate court's termination hearing and faces several additional months in jail. As for the child,

the magistrate court found: (1) the child tested positive for controlled substances at birth; (2) the child was developmentally behind prior to entering foster care; (3) the child's developmental issues improved while in foster care; (4) the child has formed a strong bond with her half-sister who is present in the foster home; and (5) the child has formed a strong bond with her foster mother and calls her "mom." On appeal, Doe has not challenged these findings and we will not presume any error in them. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019).

The record contains substantial, competent evidence to support these findings. Testimony from the child's foster mother indicated that the child was developmentally behind when she initially came into foster care and, after being enrolled in physical therapy, has shown significant improvement. Further, the foster mother testified that Doe has never provided any support, including financial support, to the child since she has been in the foster mother's care. The social worker assigned to Doe during the underlying child protection action testified that, when he was not incarcerated for five months during the child's life, Doe did not complete any of his case plan tasks nor did he make any attempt to see the child. The social worker also testified that Doe has never provided any records or documentation of a stable household or employment. The guardian ad litem assigned to the child's case testified that neither parent is available to provide personal care to the child. Additional testimony from the foster mother, guardian ad litem, and the social worker all agreed that what the child needs most is permanency, stability, and a continued relationship with her half-sister, who is also in the foster mother's care. The foregoing testimony provides substantial, competent evidence to support the magistrate court's conclusion that termination of Doe's parental rights is in the best interests of the child.

Doe argues the State did not prove by clear and convincing evidence that termination of his parental rights is in the best interests of the child. Specifically, Doe contends his incarceration has "not shown to have a deleterious effect on the child's well-being." Although trial courts may consider the absence of evidence indicating termination is necessary to avert harm to a child, the lack of such evidence is not determinative. *Doe v. Doe*, 164 Idaho 511, 516, 432 P.3d 60, 65 (2018). Moreover, the magistrate court found that, even when Doe was not incarcerated for five months during the child's life, he made no attempts to visit the child, nor did Doe make any progress on his case plan. The magistrate court further found that, regardless of Doe's

incarceration status, he never made any effort to provide financial or material support to the child. Additionally, Doe argues the Department did not provide any information regarding the impact of having a single, foster parent (as opposed to two parents) would have on the child. However, preserving Doe's parental rights would result in the child staying in foster care for the immediate future as the magistrate court found that the soonest Doe will be released from incarceration is 2024 and that the mother of the child will be incarcerated until 2025. Moreover, Doe is also a single individual. Thus, contrary to Doe's argument, preservation of his parental rights will not necessarily result in two parents supporting the child, especially in light of the evidence showing Doe's history of failing to support the child. Consequently, Doe has failed to show that preservation of his parental rights would provide additional support to the child.

This Court's review is limited to whether substantial and competent evidence supports the magistrate court's decision. *See Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. The evidence discussed above is sufficient to support the magistrate court's best interests determination. This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe*, (2017-5), 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). Doe has failed to show the magistrate court erred in concluding that termination is in the child's best interests.

## IV.

## CONCLUSION

This Court declines to address Doe's first issue on appeal because doing so would be purely advisory. Similarly, this Court declines to address Doe's challenge to the adequacy of the magistrate court's jurisdictional findings because Doe raised this issue for the first time on appeal. The magistrate court's conclusion that termination is in the child's best interests is supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.