# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45390

DALE LEE and KATHI LEE, Husband and
Wife,

        Plaintiffs-Appellants,

v.

WILLOW CREEK RANCH ESTATES NO. 2
SUBDIVISION HOMEOWNERS'
ASSOCIATION, INC., an Idaho corporation,

        Defendant-Respondent,

and

DOES I-X, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, August 2018 Term

Filed: November 28, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County, Hon. Christopher S. Nye, District Judge.

The judgment of the district court is affirmed.

Morris Bower & Haws, PLLC, Boise, for Appellants. Daniel W. Bower argued.

Elam & Burke, PA, Boise, for Respondent. Matthew C. Parks argued.

---

HORTON, Justice.

Dale and Kathi Lee appeal the district court's decision granting summary judgment in favor of Willow Creek Ranch Estates No. 2 Subdivision Homeowners' Association, Inc. (the HOA). The dispute between the Lees and the HOA involves a 1997 agreement (the Agreement) that purportedly grants the Lees three access points to a private road owned by the HOA. The Lees conceded in the district court that the Agreement alone does not create an enforceable easement. The Lees asserted, however, that an easement exists based on the doctrine of part

1

performance or that an enforceable encumbrance exists through the doctrine of equitable servitudes. The district court determined that neither the doctrine of part performance nor the doctrine of equitable servitudes were applicable to this case and granted the HOA's motion for summary judgment. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Lees and the Kemp Family Trust (Trust) owned adjoining property in Canyon County. The Lees and the Trust both contemplated future development of their property. To further its plans for development, the Trust desired to purchase land from the Lees to develop the Willow Creek Ranch Estates No. 2 subdivision (Subdivision). On June 1, 1997, the Lees and the Trust executed the Agreement for the sale of the property. The Agreement states that "[the Lees] shall also be entitled to 3 driveway accesses from the gravel road to be constructed by [the Trust] adjoining [the Lees'] property. Such accesses shall be constructed at [the Lees'] cost and subject to [the Lees] obtaining any necessary government approvals." The gravel road referenced in the Agreement ultimately became Kemp Road. The Agreement was signed by the Lees and by an individual purportedly representing the Trust. The Agreement does not contain a legal description of the land or the three "driveway accesses" from the gravel road. The Agreement was never recorded.

In August 1997, the Lees executed a warranty deed granting ownership of the land to the Trust. The warranty deed does not reference or incorporate the Agreement, nor does it reference or reserve an easement for the Lees to access the gravel road mentioned in the Agreement. The warranty deed contains the following covenant:

> [S]aid premises are free from all encumbrances, EXCEPT those to which this conveyance is expressly made subject and those made, suffered or done by the Grantee(s); and subject to reservations, restrictions, dedications, easements, rights of way and agreements, (if any) of record . . . and that Grantor(s) will warrant and defend the same from all lawful claims whatsoever.

The Trust recorded the plat for the Subdivision in December 1998. The Trust recorded the Declaration of Covenants, Conditions, and Restrictions and Neighborhood Association (CC&Rs) for the Subdivision in April 1999. The Subdivision plat and the CC&Rs do not reference an easement or any other right for the Lees to access Kemp Road.

The Trust constructed Kemp Road in 2000. The Trust paid to create three access points from Kemp Road to the Lees' property. This construction included culverts and the placement of gravel extending from Kemp Road to the Lees' property. Wood fencing and metal gates were constructed along the three access points from Kemp Road.

In April 2005, the Trust executed a warranty deed granting ownership of Kemp Road and other common areas to the HOA. The warranty deed does not expressly reference or reserve an easement for the Lees to access the gravel road mentioned in the Agreement. The warranty deed states that the Trust "does hereby grant, convey, release to the [HOA] the following-described premises with all appurtenances and subject to all existing easements and rights-of-way of record or implied[.]"

Alan Mills served on the board of directors of the HOA at the time the Trust transferred ownership of Kemp Road to the HOA. Mills was also the Trust's real estate agent at the time of the Agreement. Mills stated: "As a former HOA board member, I can say with a high degree of certainty that the HOA at that time was aware of the Agreement and its terms regarding the three driveway accesses."

The Lees informed the HOA in 2014 that the Lees intended to access Kemp Road to further develop the Lees' property. In October 2014, the HOA informed the Lees that it would not permit access to Kemp Road for any development. The Lees sought a declaration from the district court that the Lees were entitled to use Kemp Road. The Lees conceded that the Agreement does not satisfy Idaho's Statute of Frauds. The Lees asserted, however, that the doctrine of part performance or, alternatively, the doctrine of equitable servitudes provides the Lees access to Kemp Road.

The Lees moved for summary judgment on June 20, 2016, and the HOA filed its motion for summary judgment on May 18, 2017. The district court determined that neither the doctrine of part performance nor the doctrine of equitable servitudes were applicable to this case. Thus, the district court denied the Lees' motion for summary judgment and granted the HOA's motion. The Lees timely appealed.

## II. STANDARD OF REVIEW

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion." *Davison v. DeBest*

3

*Plumbing, Inc.*, 163 Idaho 571, 574, 416 P.3d 943, 946 (2018) (quoting *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008)). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to a judgment as a matter of law." *Partout v. Harper*, 145 Idaho 683, 685, 183 P.3d 771, 773 (2008). "If the evidence reveals no genuine issue as to any material fact, then all that remains is a question of law over which this Court exercises free review." *Id.* at 685–86, 183 P.3d at 773–74.

## III.  ANALYSIS

The Lees have proffered two separate theories in support of their claim that they are entitled to use Kemp Road and the three access points. The first theory is one of express easement through the combined operation of the doctrine of partial performance and the Agreement. The second theory is that the doctrine of equitable servitudes allows the Lees to use the road and driveways.

### A. The Lees cannot prevail on their easement claim because they have not challenged both independent bases used by the district court to grant summary judgment to the HOA.

The district court issued a memorandum opinion addressing the parties' cross-motions for summary judgment. It held that because the Agreement and the warranty deed conveying the property to the Trust related to the same subject matter, the warranty deed's failure to reserve or create an easement for the Lees' use of Kemp Road was fatal to their claim. The district court then explicitly identified an alternative basis for its decision that the Lees did not have an easement, holding that the doctrine of part performance was unavailable to enforce the purported easement.

In response to the Lees' opening brief on appeal, the HOA notes that the Lees failed to address the district court's first ground for determining that they did not have an easement. The HOA asserts that this failure means that the Lees have waived any argument that they have claim to an easement to use Kemp Road. The Lees dispute this assertion and argue that "if this Court determines the doctrine of part performance . . . should be applied, the district court's finding

4

that the warranty deed exists has no legal significance and does not preclude this Court from ruling in the Lees' favor." The Lees are mistaken; the Lees cannot prevail on this issue based on the theory of part performance alone.

The Lees' failure to address the district court's application of the merger doctrine is fatal because operation of the merger doctrine was an independent ground for the district court's grant of summary judgment on the easement claim. "[T]he fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds." *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 806, 353 P.3d 420, 427 (2015) (quoting *Anderson v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005)).

To have established before the district court that an easement existed the Lees would have needed to prevail on two distinct issues. First, the Lees would have needed to have successfully shown that the Agreement is enforceable even though it does not comply with the Statute of Frauds. Next, the Lees would have needed to have successfully demonstrated that the driveway access provisions contained in the Agreement are enforceable notwithstanding the existence of the warranty deed and the application of the merger doctrine. The district court concluded that the doctrine of part performance was unavailable as an exception to the Statute of Frauds because "[t]he easement provision in the . . . Agreement is too indefinite, incomplete, and uncertain in all of its material terms, and does not contain provisions that are capable in themselves of being reduced to certainty . . . ." The district court also found that the warranty deed—and not the Agreement—is determinative of the parties' rights due to application of the merger doctrine. The district court held that there is no easement in favor of the Lees because "[t]he deed did not expressly create or reserve an easement for the Lees to use Kemp Road," nor did it "expressly reference or incorporate the . . . Agreement." The Lees appealed the district court's ruling with respect to the application of the doctrine of part performance but did not appeal the district court's ruling pertaining to the application of the merger doctrine.

The merger doctrine is set forth in *Jolley v. Idaho Securities, Inc.*, as follows:

> It is a well established rule of law that prior stipulations are merged in the final and formal contract executed by the parties, and this rule applies to a deed or a mortgage based upon a contract to convey. When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed.

5

**Though the terms of the deed may vary from those contained in the contract, the deed alone must be looked to to determine the rights of the parties.**

. . . .

. . . Where the right claimed under the contract would vary, change, or alter the agreement in the deed itself, or inheres in the very subject-matter with which the deed deals, a prior contract covering the same subject-matter cannot be shown as against the provisions of the deed.

. . . .

In the absence of fraud, mistake, etc., the following stipulations in contracts for the sale of real estate are conclusively presumed to be merged in a subsequently delivered and accepted deed made in pursuance of such contract, to wit: (1) Those that inhere in the very subject-matter of the deed, such as title, possession, emblements, etc.; (2) those carried into the deed and of the same effect; (3) those of which the subject-matter conflicts with the same subject-matter in the deed. In such cases, the deed alone must be looked to in determining the rights of the parties.

90 Idaho 373, 382–83, 414 P.2d 879, 884 (1966) (emphasis added) (internal citations and quotations omitted) (quoting *Cont'l Life Ins. Co. v. Smith*, 41 N.M. 82, 64 P.2d 377 (1946)).

Here, the Lees executed a warranty deed conveying the land to the Trust approximately two months after the Agreement was executed. The district court correctly found that "[t]he . . . Agreement and the deed both related to the same subject matter." "The deed did not expressly create or reserve an easement for the Lees to use Kemp Road," nor did it "expressly reference or incorporate the . . . Agreement." The district court found that the deed is unambiguous. Based on these findings, the district court correctly concluded that under the merger doctrine the warranty deed—and not the Agreement—is determinative of the parties' rights.

"[I]f an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed." *Cuevas v. Barraza*, 155 Idaho 962, 965, 318 P.3d 952, 955 (2014) (quoting *AED, Inc. v. KDC Invs., LLC*, 155 Idaho 159, 164, 307, P.3d 176, 181 (2013)). Because the Lees did not challenge the district court's ruling pertaining to the merger doctrine, we are bound to affirm the district court's ruling that the Lees do not have an easement to Kemp Road through application of the merger doctrine.

**B. The doctrine of equitable servitudes does not entitle the Lees to use Kemp Road.**

The district court ruled that the Lees' claim to an equitable servitude conferring a right to access or use Kemp Road failed because equitable servitudes restrict the use of land, but "do not

confer an affirmative right to enter and use another's land." The Lees contend that this case provides the Court with an opportunity to extend the doctrine of equitable servitudes to create an enforceable easement. The HOA responds that the doctrine of equitable servitudes is not applicable to this case because the district court correctly held that an equitable servitude does not confer access rights.

The "[e]quitable enforcement of covenants restricting the use of land was recognized in the common law of England after the middle of the Nineteenth Century." *West Wood Inv., Inc. v. Acord*, 141 Idaho 75, 83, 106 P.3d 401, 409 (2005). "Equitable interests may arise because of the actions of the parties, such as oral representations." *Id.* "Under certain circumstances a writing is not required to establish a legally enforceable interest and any number of factors, if found by the trial court to be sufficient, may justify a finding that the plaintiffs have an interest in the land." *Middlekauff v. Lake Cascade, Inc.*, 103 Idaho 832, 835 n.2, 654 P.2d 1385, 1388 n.2 (1982).

The Lees point to *West Wood* for the proposition that the doctrine of equitable servitudes can establish an affirmative right to use another landowner's property. *West Wood Inv., Inc.*, 141 Idaho at 83–86, 106 P.3d at 409–12. In *West Wood*, the original developer—West Wood Investments, Inc. (West Wood)—received governmental approval to develop a planned unit development (PUD) that included a common area for the enjoyment of future owners. *Id.* at 80, 106 P.3d at 406. The common area was known as Lot 5. *Id.* The PUD was sold to a new developer—Arrow Point Development Co., Inc. (APDC)— and a promissory note was executed in favor of West Wood. *Id.* APDC converted the PUD to a condominium project and constructed a pool and building on Lot 5 for common use by the condominium owners. *Id.* APDC subsequently defaulted on the promissory note and West Wood—acting in its role as a lender— brought a foreclosure action that included Lot 5. *Id.* The Court noted that APDC had recorded a "record of survey" prior to the foreclosure action that identified a substantial portion of Lot 5 as common area. *Id.* at 86, 106 P.3d at 412. The Court also noted that West Wood had actual knowledge that Lot 5 was a common area based on evidence adduced at trial. *Id.* Consequently, the Court reasoned that West Wood had constructive knowledge and actual knowledge that the facilities on Lot 5 were intended for the common use of the condominium owners. Therefore, the Court held that, because West Wood had notice of the servitudes, equity allowed enforcement of the promises made to the condominium owners to use Lot 5 as a common area. *Id.*

7

Despite the Lees' arguments, the doctrine of equitable servitudes is not applicable to this situation. There are a number of factual differences between this case and *West Wood* that demonstrate the inapplicability of our holding in that case to this situation. Unlike the lot in *West Wood* that was identified as a common area as a part of a larger PUD, this case involves two adjacent parcels that are not part of the same development. Unlike *West Wood*, where the condominium owners were attempting to restrict the use of Lot 5 to a common area, the Lees are seeking to establish an affirmative right to use Kemp Road for ingress and egress for development purposes. There is no Idaho case that stands for the proposition that the doctrine of equitable servitudes can be utilized to confer an affirmative right to use another landowner's property for ingress and egress. We see no reason to extend the doctrine as the Lees ask and hold that the doctrine of equitable servitudes cannot be utilized to establish an affirmative easement for ingress and egress to Kemp Road.

## C. The HOA is entitled to an award of attorney fees on appeal.

The Lees have not requested attorney fees on appeal. However, the Lees do request that the district court's order awarding fees and costs be reversed if the Lees prevail on appeal. The HOA requests attorney fees pursuant to Idaho Code section 12-120(3). The HOA is the prevailing party in this appeal.

The prevailing party in a suit based upon a commercial transaction is entitled to an award of reasonable attorney fees, including on appeal. *See Bryan Trucking, Inc. v. Gier*, 160 Idaho 422, 427, 374 P.3d 585, 590 (2016); I.C. § 12-120(3). "In determining whether attorney fees should be awarded under I.C. § 12-120(3), the Court has conducted a two-step analysis: '(1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought.' " *Garner v. Povey*, 151 Idaho 462, 469, 259 P.3d 608, 615 (2011). Here, the dispute between the Lees and the HOA stems from the acquisition of property to facilitate the development of a subdivision. This is a commercial transaction. *See Lexington Heights Dev., LLC v. Crandlemire*, 140 Idaho 276, 287, 92 P.3d 526, 537 (2004). Because this case arises from a commercial transaction, the HOA is entitled to an award of attorney fees.

## IV.     CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to the HOA.


Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**