# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48003

| | | |
|---|---|---|
| ALICIA GANGI, an individual, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Boise, April 2021 Term |
| | ) | |
| v. | ) | Opinion filed: May 19, 2021 |
| | ) | |
| MARK W. DEBOLT and JANE DOE DEBOLT, individuals, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The order of the district court is <u>reversed and remanded</u>.

Bistline Law, PLLC, Coeur d'Alene, for Appellant. Arthur Bistline argued.

Madsen Law Offices, PC, Coeur d'Alene, for Respondent. Alex N. Semanko argued.

---

MOELLER, Justice

This appeal arises from a dispute between adjacent property owners over the use and enjoyment of a water tank system and the deck that sits atop it. Alicia Gangi brought a declaratory judgment action against Mark Debolt and Jane Doe Debolt ("Debolts"),[1] the owners of a parcel adjacent to Gangi's property. While the water tank and deck lie on Gangi's property, the system only serves Debolts' property with water. Moreover, Debolts have enjoyed exclusive use and enjoyment of the above ground deck since they purchased their property, which included an easement to the land where the water tank and deck are located. After the district court denied Gangi's motion for summary judgment, Gangi dismissed her own case with prejudice. Thereafter, Debolts sought attorney fees on the basis of a recorded agreement Gangi's and

---

[1] Inasmuch as Gangi brought this suit against "Mark Debolt and Jane Doe Debolt," and the caption of the case has not been updated, respondents will be designated collectively as "Debolts" in this opinion. However, it should be noted that in the district court's findings, Claire Humphrey was identified as a co-owner of the property.

1

Debolts' predecessor in interest had with a third party regarding the water system. The agreement provided that attorney fees would be awarded to the prevailing party if a suit were brought to enforce or interpret the agreement. On the basis of that agreement, the district court granted Debolts' request for attorney fees. Gangi appeals the district court's decision to award attorney fees. For the reasons stated below, we reverse the order of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Debolts own real property in Kootenai County, Idaho. In 2012, they entered into a Purchase and Sale Agreement to buy a home and lot from the Arthur III and Trudy Elliott Family Trust (hereinafter "Elliotts"). *See infra* Figure 1 ("Parcel 1"). The Elliotts originally owned Debolts' parcel and an adjacent vacant parcel. The vacant parcel contained an underground water holding tank and deck located above the underground tank. From the deck, there was a "particularly good view" of Coeur d'Alene Lake. When the Debolts purchased their property, they sought and were granted a deeded easement from the Elliotts allowing them use of the water tank and the deck on the adjacent lot. The easement provided:

> WHEREAS, certain improvements, appurtenances and features to wit: an underground water holding tank and deck above the underground holding tank, are located on that property retained and possessed by Grantor, and
>
> WHEREAS, the Grantor and Grantee are desirous of maintaining said improvements and appurtenances to wit: that underground water holding tank and deck above the underground water holding tank located on Grantor's property for the use and enjoyment of the Grantee; and
>
> WHEREAS, the Grantor has agreed, for good and valuable consideration paid by the Grantee the receipt of which Grantor hereby acknowledges, to [g]rant to the Grantee *an easement for use and quiet enjoyment of said underground water holding tank and arid deck above the underground holding tank* and more particularly described in Exhibit "B" (Easement Deck/Water Tank) attached hereto, including an easement to access the same and to access any and all subsurface lines, pipes, conduits or similar features as may, from time to time, be necessary to effectuate inspections, repairs, maintenance or replacement of the same. . . .
>
> NOW, THIS INDENTURE WITNESSETH that for good and valuable consideration paid by the Grantee to the Grantor, the Grantor hereby grants to the Grantee, and Grantee's heirs and assigns, *full and free right and authority to use the existing underground water holding tank and deck above the undergound holding tank* herein before described and access for ingress and egress over and across that portion of Grantor's real property herein before described. . . .

(Emphasis added).

2



**Figure 1. Survey of Debolt and Gangi Properties.**

In 2017, the Elliotts sold the adjacent vacant parcel, which contained the water tank and deck, to Alicia Gangi. *See supra* Figure 1 ("Parcel 2"). The Debolts denied Gangi access to the water system and deck. On June 25, 2018, Gangi filed a complaint seeking a declaration of rights regarding the water tank system that sits on her parcel. She also sought a declaratory judgment to the use of the deck which sits on top of the water system. Specifically, she alleged in her complaint, "Plaintiff is entitled to an Order declaring that the subject property has the right to use the existing water system which is located in part upon the subject property." She also requested "an Order declaring that Defendants do not have the exclusive right to use the deck which sits on the water storage tank on the subject property."

On September 12, 2018, Gangi moved for summary judgment, arguing that she should be allowed access to the water system and deck because the easement agreement between the Debolts and the Elliotts was not exclusive. The Debolts responded, noting that the plain language of the easement provided for exclusivity, and in the alternative, the language was ambiguous, which created a question of fact. The district court found that the language in the easement was reasonably subject to conflicting interpretations and thus, ambiguous. However, in considering

extrinsic evidence, the district court examined an addendum to the purchase and sale agreement from the Elliotts to the Debolts that explicitly provided for the sole and exclusive use and enjoyment of the water tank and accompanying deck in the agreement. The addendum was not signed by the Elliotts, but the district court considered it as evidence of the parties' intent at the time of the sale. Additionally, the evidence showed that Gangi requested use of the deck when she purchased the vacant parcel from the Elliotts, but that term was later removed in a subsequent counteroffer, which Gangi ultimately signed. Because of the ambiguity in the easement language, the district court denied Gangi's motion for summary judgment.

Thereafter, Gangi moved to dismiss her case with prejudice, without a reason given.[2] Debolts filed a memorandum requesting that they be awarded attorney fees as the prevailing party. Debolts requested attorney fees under Idaho Code section 12-121, arguing that Gangi's claims were frivolous and without foundation. Alternatively, Debolts argued that the parties were operating under a contract that provided for attorney fees. In support of this latter assertion, the Debolts attached, for the first time, an earlier agreement between the Elliotts and David Daboll in 2000.[3]

In 2000, Daboll owned a parcel of property adjacent to the property owned by the Elliotts. *See supra* Figure 1 ("Daboll"). The Elliotts and Daboll entered an agreement that provided for the installation of the underground water tank and decking on the Elliotts' parcel. The agreement allowed both the Elliott parcel and the Daboll parcel to hook up to the water system, but it limited each parcel's connection to only one single-family residence. This agreement ran with the land and was binding on the Elliott and Daboll heirs, successors, and assigns. The agreement between the Elliotts and Daboll also provided that if legal action were required to enforce or interpret the agreement, the prevailing party would be entitled to recover its costs and attorney fees.

The district court denied the Debolts' fee request under Idaho Code section 12-121, but granted their request for fees based on the Elliott/Daboll agreement, noting that it was in effect, recorded, and provided for an award of attorney fees. The district court further reasoned that the agreement was applicable to Gangi and the Debolts even though they were not parties to the

---

[2] During oral argument before this Court, counsel for Gangi explained that Gangi decided to dismiss her case because it would be less expensive to hookup to the neighboring home owners association for water rather than pay the costs to go through a trial with the Debolts on this matter.

[3] During oral argument before this Court, both parties agreed they had knowledge of the existence of this document before this point in the case.

4

original agreement because the Elliotts were their predecessors in interest and the agreement ran with the land. The district court entered a corresponding order and judgment dismissing the case and ultimately awarded attorney fees to the Debolts totaling $17,514.50.[4]

Gangi filed a motion to amend the judgment, arguing that the district court should not have granted the Debolts' attorney fee request because the subject matter of the agreement between the Elliotts and Daboll was not at issue in this case. The district court denied Gangi's motion. Gangi timely appealed.

## II. STANDARD OF REVIEW

"An award of attorney fees and costs is within the discretion of the trial court and subject to an abuse of discretion standard of review." *Nye v. Katsilometes*, 165 Idaho 455, 459, 447 P.3d 903 907 (2019) (quoting *Ballard v. Kerr*, 160 Idaho 674, 716, 378 P.3d 464, 506 (2016)). When this Court reviews a trial court's discretionary decision, it applies a four-prong test to determine whether there was an abuse of discretion: whether the trial court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choice available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III. ANALYSIS

### A. The district court erred by awarding the Debolts attorney fees based on the 2000 agreement between the Elliotts and Daboll.

Gangi contends the district court erred when it awarded attorney fees to the Debolts because the district court's basis for the attorney fees stemmed from an agreement between the Elliotts and Daboll in 2000, which was not at issue in this case. We agree with Gangi's contention and reverse the district court's award of attorney fees to the Debolts.

Attorney fees are allowed when they are provided for by a contract. I.R.C.P. 54(e)(1). A provision that provides for attorney fees to the prevailing party is a standard clause in a contract or agreement. " 'Where a valid contract between the parties contains a provision for an award of attorney fees, the terms of the contract establish a right to attorney fees.' " *Primera Beef, LLC. v. Ward*, 166 Idaho 180, 189, 457 P.3d 161, 170 (2020) (quoting *Lamprecht v. Jordan, LLC,* 139 Idaho 182, 187, 75 P.3d 743, 748 (2003)).

---

[4] This amount includes the attorney fees later added by the district court after it denied Gangi's motion to amend.

The Daboll property was located to the east of the properties involved in this lawsuit. *See* Figure 1, *supra*. A provision in the agreement between the Elliotts and Daboll provided: "[i]f legal action is required or deemed *necessary to enforce or interpret any provisions of this Agreement*, the prevailing party shall be entitled to recover its costs, including a reasonable attorney's fee, incurred in connection therewith." (Emphasis added). However, Gangi's legal action was not brought to *enforce* or *interpret* the agreement between the Elliotts and Daboll. Gangi's complaint alleged that before Gangi purchased the property, the Elliotts and the Debolts agreed that an additional residence could be serviced by the existing water system. After purchase, Gangi alleged that the Debolts falsely claimed they had exclusive rights to the water system and above ground deck. When Gangi moved for summary judgment, she claimed that the easement agreement between the Debolts and the Elliotts did not specifically give the Debolts exclusive privileges over the easement.[5] Therefore, the heart of the issue was the 2012 easement between the Elliotts and the Debolts.

It is telling that in their response to Gangi's summary judgment motion, the Debolts defended their interpretation of the 2012 Elliott-Debolt agreement without making any reference to the 2000 Elliott-Daboll agreement. It was not until Gangi dismissed her case, and the Debolts sought attorney fees, that the Elliott-Daboll agreement even came up. While it is true that the Debolts and Gangi may own land that is subject to the agreement with Daboll, that agreement had no bearing on the merits of this case, which was solely a dispute between the Debolts and Gangi—not Daboll.

In sum, it is clear Gangi's action was not brought to interpret or enforce the Elliott-Daboll agreement. The true gravamen of the lawsuit was the interpretation of the 2012 Elliott-Debolt easement agreement and whether that agreement provided the Debolts with an exclusive easement to use the water system and the deck. Therefore, inasmuch as the district court's decision was neither consistent with existing legal standards nor reached through the exercise of reason, we conclude that the district court abused its discretion by awarding attorney fees to the Debolts under the prior Elliott-Daboll agreement. *Lunneborg*, 163 Idaho at 867, 421 P.3d at 198.

**B. The Debolts are not entitled to attorney fees on appeal.**

---

[5] Although the district court denied Gangi's motion for summary judgment, it noted that the Elliott-Debolt easement agreement was likely ambiguous on whether it granted the Debolts exclusive rights.

The Debolts requested attorney fees on appeal. Because they are not the prevailing party, we deny their request.

## IV. CONCLUSION

We reverse the district court's decision to award attorney fees to the Debolts below and remand for entry of an amended final judgment consistent with this opinion. Costs on appeal are awarded to Gangi as a matter of course pursuant to Idaho Appellate Rule 40(a).

Chief Justice BEVAN, and Justices BURDICK, BRODY and STEGNER **CONCUR.**