# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51667

| | | |
|---|---|---|
| BENJAMIN H. YATES, and CIRCLE PI, LLC, | ) ) ) | Filed: February 7, 2025 |
| Plaintiffs-Respondents, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | |
| HULL FARMS, INC., an Idaho corporation, | ) ) ) | |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Darren B. Simpson, District Judge.

Order denying attorney fees, <u>reversed</u> and <u>case remanded</u>.

RandsLaw, PLLC; Kirk A. Melton, Twin Falls, for appellant. Kirk A. Melton argued.

Beard St. Clair Gaffney, PA; Lance J. Schuster, Idaho Falls, for respondent. Jared W. Allen argued.

_____

GRATTON, Chief Judge

Hull Farms, Inc. ("Hull Farms") appeals from the order of the district court granting Benjamin H. Yates and Circle Pi, LLC's (collectively, "Yates") motion to disallow attorney fees. We reverse the order of the district court and remand.

## I.

## FACTS AND PROCEDURAL HISTORY

Yates and Hull Farms entered into a Purchase and Sale Agreement (PSA) for the sale of Yates' 2,409-acre ranch, located in Custer County, Idaho. Relevant to this appeal, the PSA contained an attorney fees provision which stated: "If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and

1

attorney's fees, including such costs and fees on appeal." The parties also executed an addendum on the same day in which Yates requested that Hull Farms set aside a five-acre parcel for Yates' personal use ("Parcel"). The addendum stated that the legal description would be determined later during the escrow period, after a survey was recorded. The following year, the parties executed another addendum in which the parties agreed that Hull Farms would quitclaim the Parcel to Yates after the recording of the survey, which Yates was responsible for completing.

After execution of the most recent addendum, Yates transferred a warranty deed to the title company. Hull Farms then executed a promissory note in favor of Circle Pi, LLC and mortgaged the ranch to secure the note. Several months later, the title company transferred a special warranty deed to Hull Farms. At this time, no survey had been conducted or recorded for the Parcel. Neither one of the deeds mentioned the Parcel to be set aside, nor did they contain a reference to the PSA or its addenda. Yates had a survey conducted the next year, but the survey was never recorded. Later, Yates sent a letter to Hull Farms complaining that he was being locked out of the cabin on the Parcel and that Hull Farms must convey the Parcel to Yates based on the addendum, but Hull Farms refused. Yates then filed this action seeking specific performance requiring Hull Farms to quitclaim the Parcel to Yates, pursuant to the parties' agreements in the PSA.[1] Yates filed a motion for summary judgment on all claims.[2]

The district court held that the PSA had merged with the deeds. The court also determined that, even without the merger, the agreement did not satisfy the statute of frauds because there was not a sufficient legal description of the Parcel. The district court held the deeds determine the rights of the parties and therefore Yates could not enforce the PSA. The district court denied Yates' motion for summary judgment and granted summary judgment in favor of Hull Farms sua sponte. Hull Farms then sought an award of costs and attorney fees. Yates responded by filing a motion to disallow attorney fees. The district court granted Yates' motion and denied attorney fees to Hull Farms. Specifically, the district court held that, (1) the PSA merged into the deeds and because the deeds did not contain any provision regarding attorney fees, nor a reference to the PSA, Hull Farms could not rely upon the PSA to recover attorney fees; (2) Hull Farms was not

---

[1] Unless the addenda to the PSA are separately discussed, reference to the PSA includes the addenda.

[2] Yates' complaint alleged claims for breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing.

entitled to attorney fees under Idaho Code § 12-120(3) because the gravamen of Yates' claim was not a commercial transaction; and (3) Hull Farms was not entitled to attorney fees under I.C. § 12-121 because Hull Farms had not shown Yates brought the action frivolously. Hull Farms appeals.

## II.

## STANDARD OF REVIEW

A district court's decision to award attorney fees is generally reviewed under an abuse of discretion standard. *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 265, 483 P.3d 313, 322 (2021). However, "when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies, which is a question of law over which this Court exercises free review." *Id.* (internal quotations and citation omitted). "The question of whether a district court correctly determined that a case is based on a commercial transaction for attorney fees purposes under Idaho Code § 12-120(3) is a question of law over which this Court exercises free review." *Carter v. Gateway Parks, LLC*, 168 Idaho 428, 441, 483 P.3d 971, 984 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.    Attorney Fees Under the PSA

Hull Farms argues that the district court erred in denying an award of attorney fees under the PSA. Yates sued Hull Farms on provisions contained within the PSA, namely the conveyance of the Parcel back to Yates from Hull Farms after completion of a survey. The attorney fee provision in the PSA states: "If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees, including such costs and fees on appeal."

The terms of a contract which contain a provision for an award of attorney fees and costs establishes the right to an award of attorney fees and costs. *Gangi v. Debolt, 168 Idaho 815, 819, 488 P.3d 483, 487 (2021)*. In this case, the district court determined that the attorney fees provision

3

in the PSA did not provide a right to attorney fees to Hull Farms because the PSA had merged into the deeds upon completion of the transaction. Consequently, Yates could not enforce the Parcel term in the PSA. The doctrine of merger was generally set forth in *Jolley v. Idaho Securities, Inc.*, 90 Idaho 373, 382, 414 P.2d 879, 884 (1966):

> [T]he acceptance of a deed to premises generally is considered as a merger of the agreements of an antecedent contract into the terms of the deed, and any claim for relief must be based on the covenants or agreements contained in the deed, not the covenants or agreements as contained in the prior agreement.

The deeds did not contain an attorney fee provision. Therefore, according to the district court, because of the merger, the attorney fee provision in the PSA in effect, no longer existed and, thus, Hull Farms was not entitled to attorney fees under that provision.[3]

Hull Farms argues that the merger of the PSA into the deeds does not preclude entitlement to attorney fees under the PSA. Hull Farms points out that Idaho case law holds that attorney fees may be awarded under a contract even though the contract is unenforceable. This Court has held that attorney fees may be awarded to a prevailing party even though no liability under a contract was established or where no contract was, in fact, ever formed. *Hilbert v. Hough*, 132 Idaho 203, 207, 969 P.2d 836, 840 (Ct. App. 1998). Where a court holds a contract is unenforceable, the prevailing party may nonetheless be entitled to an award of attorney fees under the contract. *Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 414, 258 P.3d 340, 349 (2011). Consequently, Hull Farms asserts the fact that no liability was established under the PSA and the fact that the PSA merged into the deeds did not extinguish its right to attorney fees under the PSA. We agree.

The present case involves similar facts to those in *Hilbert*; particularly to the issues surrounding attorney fees. In *Hilbert*, purchasers entered into an agreement to purchase five acres from sellers. Part of the agreement was that the exact five acres would be surveyed. *Hilbert*, 132 Idaho at 204, 969 P.2d at 837. After the survey was completed, the sellers decided not to sell based on, at least in part, dissatisfaction with the proposed boundaries. *Id*. The purchasers filed suit,

---

[3]    The district court ruled that Yates' claim based on the PSA was barred by the doctrine of res judicata, due to prior litigation involving the sale. The district court also determined that the PSA was not enforceable, relative to the five-acre parcel, because the PSA contained no legal description of the property as required to satisfy the statute of frauds. *See Lexington Heights Development, LLC v. Crandlemire*, 140 Idaho 276, 92 P.3d 526, 530 (2004).

4

seeking specific performance of the contract. *Id*. The trial court granted summary judgment to the sellers on the basis that the agreement was unenforceable due to the incomplete property description. *Id*. at 204-205, 969 P.2d at 837-838. On appeal, this Court affirmed the trial court's decision. *Id*. at 206, 969 P.2d at 839. Despite having found the agreement unenforceable, we further determined that the seller was entitled to an award of attorney's fees on appeal pursuant to the purchase and sale agreement. *Id*. at 207, 969 P.2d at 840. Specifically, we stated that a prevailing party "may recover attorney fees even though no liability under a contract was established or where no contract was, in fact, ever formed." *Id*.

We relied on this principle in *Karterman v. Jameson*, 132 Idaho 910, 980 P.2d 574 (Ct. App. 1999) wherein we held that the contract between the parties was no more than an agreement to agree in the future and was therefore unenforceable for the purposes of specific enforcement. *Id*. at 914, 980 P.2d at 578. Even though the contract was unenforceable, we stated that an attorney fees provision in the contract may nevertheless be enforceable. *Id*. at 916, 980 P.2d at 580. *See also Garner v. Bartschi*, 139 Idaho 430, 439, 432 80 P.3d 1031, 1040 (2003) (prevailing party awarded attorney fees under the contract after the court found the agreement was unenforceable due to the lack of a sufficient property description).

Yates relies on *Sells v. Robinson*, 141 Idaho 767, 118 P.3d 99 (2005) to argue that merger precludes attorney fees under the PSA. Specifically, Yates points out that the Court in *Sells* held that "[T]he terms of the RESPA merged into the deed, and only the deed's language should be considered by this Court, though according to this Court's view, both are ambiguous." *Id.* at 772, 118 P.3d at 104. However, the Court in *Sells* did not address the merger as it related to the attorney fee issue, noting only that the claim in the case was not based on the purchase and sale agreement, but on the deeds themselves. *Id*. The Court did not intimate that attorney fees would not be appropriate had the claim been based on the purchase and sale agreement. Similarly, the Idaho Supreme Court in *Rose v. Martino*, ___Idaho ____, ____ P.3d _____ (2025) recently held that neither party was entitled to attorney fees under the contract because the claim was based on "a breach of the warranty deed that did not contain an attorney fees provision." *Id*. at ___, ___ P.3d at ____. The Court stated: "Similar to the plaintiffs in *Sells*, in this case the Roses' claim is not based on the purchase and sale agreement but is based on the warranty deed, which does not contain an attorney fee provision." *Id*. Implicit in the rulings in *Sells* and *Rose* is that had the

5

claims been based on the purchase and sale agreements, the court would have looked to the contract to determine an award of attorney fees, rather than the deed.

In this case, Yates' claims were based on the PSA the district court determined to be unenforceable due to merger, not on the deeds. Yates argues that the principle in *Hilbert* is inapplicable because there was no merger in that case. Neither the district court nor Yates has cited a case drawing a distinction between the reasons for a contract's unenforceability and the entitlement to attorney fees under the contract. Nor does Yates cite any case which draws a distinction between the effectively nonexistent contract as recognized in *Hilbert* and the asserted nonexistent PSA contract because of merger in this case. As noted in *Hilbert*, attorney fees may be awarded under contract even though the contract was, in fact, never validly formed.

Hull Farms also argues that, in any event, the effect of the merger does not affect all of the PSA terms as the doctrine of merger is limited. As noted in *Jolley*, the Court held that under merger, "any claim for relief" must be based on the deeds. *Jolley*, 90 Idaho at 382, 414 P.2d at 884. Hull Farms points out that under Idaho law the right to attorney fees is not a claim for relief. *Estate of Holland v. Metro. Prop. & Cas. Ins. Co.*, 153 Idaho 94, 100-01, 279 P.3d 80, 86-87 (2012) (attorney fees are not a claim for relief); *Straub v. Smith*, 145 Idaho 65, 72, 175 P.3d 754, 761 (2007) ("Since a right to recover attorney fees is not a claim for relief included in a pleading, the dismissal of the pleading with prejudice does not constitute any determination of the prevailing party's right to recover attorney fees.")(Justice Eismann concurring). Therefore, Hull Farms argues the doctrine of merger does not affect the right to attorney fees under the contract.

Relatedly, Hull Farms argues that merger only encompasses the "antecedent contract" terms related to "title, possession, quantity or emblements of land" not other collateral stipulations of a contract. First, Hull Farms points out that *Jolley* cited to a 1946 New Mexico case that cited to 84 A.L.R. 1008 which provided that:

> A deed is a mere transfer of the title, a delivery so to speak of the subject-matter of the contract. It is the act of but one of the parties, made pursuant to a previous contract either in parol or in writing. It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, a contract for the sale of land. There are many things pertaining to the contract which it is manifest are never inserted in a deed. The instrument of conveyance may be complete for its purpose, which is to declare and prove the fact of conveyance; yet very naturally and commonly it is but a part execution of a prior contract, and parol evidence is admissible to show the true consideration for which it was given and all other parts of the transaction, not

6

inconsistent with the recitals in the deed, provided the fact of conveyance is not affected by it.

(Internal citations omitted).

In addition, in *Fuller v. Dave Callister, et al.*, 150 Idaho 848, 853, 252 P.3d 1266, 1271 (2011) the Court quoted and cited to *Jolley*:

[T]he acceptance of a deed to premises generally is considered as a merger of the agreements of an antecedent contract into the terms of the deed, and any claim for relief must be based on the covenants or agreements contained in the deed, not the covenants or agreements as contained in the prior agreement.

However, there is a generally recognized exception to the foregoing rule which exception relates to collateral stipulations of the contract, which are not incorporated in the deed. *If a stipulation makes reference to title, possession, quantity or emblements of land it will generally be considered to inhere to the subject matter of a warranty deed, and shall be considered merged and, thus, not a collateral stipulation.*

(Internal quotations omitted) (emphasis added). Thus, Hull Farms contends, the doctrine of merger limits claims made to title, possession, quantity or emblements of land and not collateral stipulations or agreements, i.e., the usual intendments of a deed. Consequently, the attorney fee provision in the PSA was unaffected by the merger into the deeds, and may be invoked in a case, such as here, where the claims are based on the PSA, not the deeds.

The PSA reflected that Hull Farms promised it would later convey the Parcel to Yates once a legal description was determined. This promise was similar to the contract in *Karterman* in that the parties agreed on a future agreement, but because Yates never recorded a survey for the legal description, that future agreement never materialized. As such, the district court held that the PSA, as it related to the terms or description of the Parcel, was unenforceable due to a lack of a sufficient property description. Hull Farms successfully defended against this claim by Yates on the bases of merger, statute of frauds, and res judicata. The PSA provided for an award of attorney fees to the prevailing party should there be any litigation surrounding the PSA. Consistent with *Hilbert* and other authorities discussed above, because the attorney fees provision of the PSA did not merge into the deed, Yates based his claims on the PSA, and Hull Farms prevailed on the claim. Hull Farms is entitled to attorney fees under the PSA even though the contract was determined to be unenforceable. Therefore, the district court's denial of attorney fees under the PSA is reversed.

7

**B.     Fees Under I.C. § 12-120(3)**

Hull Farms contends that the district court erred in denying attorney fees pursuant to I.C. § 12-120(3).  Idaho Code § 12-120(3) provides:

> (3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.  The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

There are two steps to determine whether a prevailing party may be awarded attorney fees under I.C. § 12-120(3):  (1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought.  *Breckenridge Property Fund 2016, LLC v. Wally Enterprises, Inc.*, 170 Idaho 649, 664, 516 P.3d 73, 88 (2022). It is not enough that a commercial transaction was tangentially involved in a particular litigation. *Id*.  A claim is based upon a commercial transaction when the commercial transaction constitutes the gravamen of the claim, that is the material or significant part of a grievance or complaint.  *Id.* at 662-63, 516 P.2d at 86-87.  Additionally, the parties must have mutuality of commercial purpose to constitute a commercial transaction for purposes of section 12-120(3).  *Treasure Valley Home Sols., LLC v. Chason*, 171 Idaho 655, 661, 524 P.3d 1272, 1278 (2023).

In *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 275, 869 P.2d 1365, 1370 (1994), the Idaho Supreme Court determined that a transaction for the purchase of real property for farming operations was a commercial transaction.  In *Brown v. Greenheart*, 157 Idaho 156, 168, 335 P.3d 1, 13 (2014), the Supreme Court held that the sale of real property used to derive income was a commercial transaction even if it involved a residence.  The Court stated: "This Court's decisions are clear that commercial ranching and commercial farming are commercial transactions." *Id*.

The district court denied Hull Farms' request for attorney fees under I.C. § 12-120(3) stating:

> Thus, a commercial transaction, although arguably the source of what became Yates' claim, was neither the integral to the claim nor the basis upon which Yates sought recovery.  The parties' agreement to agree, which Yates desired to

8

enforce, dealt with the set aside of five acres from the Property sale for Yates' personal use.

Yates argues that the claim was narrowly based on the promise to convey the five acres set aside for personal use and therefore the gravamen of the lawsuit was not based on the commercial transaction. Yates contends that, at the time of contracting, the Parcel was to be excluded from the sale and the parties executed the first addendum which stated:

> The Seller request [sic] that the Buyer excludes five acres and the house across the road from the home place from the sale. The Seller agrees to give the Buyer a written 'First Right of Refusal' to purchase the house back from the Yates family if they ever decide to sell the house and five acres. The legal description will be determined during the escrow period.

One year later, the parties executed another addendum which stated that Hull Farms was to quitclaim the Parcel "held out of closing upon establishing the legal description of said acreage. This will take place within two weeks of [Yates'] surveyor recording the legal description." When Yates filed his complaint, he alleged breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing. The basis of these claims, Yates argues, was derived from the promise within the addenda to quitclaim and convey the Parcel to Yates for his personal use. Consequently, according to Yates, the gravamen of the suit was not based on the commercial nature of the transaction.

Hull Farms argues I.C. § 12-120(3) is applicable because the ranch was a commercial enterprise, and its sale therefore is a commercial transaction. Hull Farms further argues that there is no case law that supports the district court creating "a fiction whereby the five-acre provision became a standalone agreement apart from the PSA." Hull Farms points to *Lee v. Willow Creek Ranch Estates No. 2 Subdivision Homeowners' Association, Inc.*, 164 Idaho 396, 398, 431 P.3d 4, 6 (2018), in which the Idaho Supreme Court determined that a commercial transaction supported an award of attorney fees pursuant to I.C. § 12-120(3).

In *Lee*, the Lees and a trust owned adjoining properties and desired future development. The parties entered into an agreement whereby the Lees would sell land to the trust and the trust would provide the Lees with three undescribed driveway accesses from a road the trust would construct. *Lee*, 164 Idaho at 398, 431 P.3d at 6. The Lees executed a warranty deed granting ownership to the land but did not include any reference to any easement on the road to be constructed. *Id*. The trust constructed the road and created three access points to the Lees' remaining property. *Id*. The trust then deeded the road and other common areas to an HOA without

9

reference to any easement for the Lees. *Id.* at 399, 431 P.3d at 7. The Lees informed the HOA that they intended to utilize the road to develop their property, and the HOA denied the Lees use of the road. *Id.* The Lees filed a declaratory relief action against the HOA. After the parties agreed that the statute of frauds applied, the district court granted the HOA summary judgment on the basis that neither parties' performance nor the doctrine of equitable servitudes saved the promise of an easement from the statute of frauds. *Id.*

The Idaho Supreme Court determined that the district court had correctly applied the doctrine of merger and "under the merger doctrine the warranty deed--and not the Agreement-- is determinative of the parties' rights." *Id.* at 401, 431 P.3d at 9. The Court then awarded attorney's fees pursuant to I.C. § 12-120(3) to the HOA, noting, "the dispute between the Lees and the HOA stems from the acquisition of property to facilitate the development of a subdivision. This is a commercial transaction. Because this case arises from a commercial transaction, the HOA is entitled to an award of attorney fees." *Lee*, 164 Idaho at 402, 431 P.3d at 10. This case, according to Hull Farms, is analogous to *Lee*.

The salient point from *Lee*, as it relates to this case, is that a seller sued to enforce a term of an agreement that was to carve out a property right that did not appear in the deed, did not prevail due in part to the doctrine of merger, and the Idaho Supreme Court awarded Section 12-120(3) fees because the whole agreement from which the subject term arose was a commercial transaction. Yates' claim that the Parcel is separate from the deeded ranch property is not different from the claim in *Lee* that the purported easement for access points was separate from the remaining deeded property. The transaction in each case involved and deeded commercial property, from which both sellers later unsuccessfully claimed some separate property right.

When determining whether attorney fees may be awarded under I.C. § 12-120(3), the Court in *Breckenridge* noted that the commercial transaction must be integral to the claim and the basis upon which recovery is sought. *Breckenridge*, 170 Idaho at 663, 516 P.3d at 87. Further, the Court stated:

> An award of attorney's fees is not warranted every time a commercial transaction is remotely connected with the case. Rather, the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover.

*Breckenridge* at 664, 516 P.3d at 88 (quoting *Brower v. E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990)). Yates' complaint makes it clear that the basis for his

10

claims arose from the purchase of a 2,409-acre ranch and the Circle Pi Ranch brand by Hull Farms through a PSA--a commercial transaction pursuant Idaho case law. A portion of the agreement was that the Parcel be given back to Yates. In the complaint, the breach of contract claim is based on the PSA and the second count, promissory estoppel, is based upon the original promise in the PSA. In addition, one of Yates' prayers for relief was specific performance of Addendum #7 to the PSA. But for the PSA and the commercial transaction, there would be no claim for relief by Yates regarding the five-acre parcel, which was part of the original commercial transaction. More importantly, the Parcel was never excluded from the rest of the ranch at the time the deeds were conveyed. Pursuant to I.C. § 12-120(3), the commercial transaction regarding the sale of the ranch is both integral to the claim and the basis upon which recovery was sought. *Breckenridge*, 170 Idaho at 664, 516 P.3d at 88. Consequently, the district court erred in determining that Hull Farms was not entitled to attorney fees pursuant to I.C. § 12-120(3).[4]

## C. Attorney Fees and Costs on Appeal

Hull Farms is entitled to attorney fees under the PSA and I.C. § 12-120(3) on appeal for the same reasons as stated above.

## IV.
## CONCLUSION

The district court's denial of attorney fees is reversed. Hull Farms is awarded costs and attorney fees on appeal.

Judge HUSKEY and Judge TRIBE **CONCUR**.

---

[4] Due to our holding that Hull Farms is entitled to attorney fees pursuant to the PSA and I.C. § 12-120(3), we need not address whether the district court erred in denying attorney fees pursuant to I.C. § 12-121.