**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52158**

| | |
|---|---|
| CAPITAL EDUCATORS FEDERAL CREDIT UNION, an Idaho Chartered Credit Union, ) ) ) | Filed: December 19, 2025 |
| ) | Melanie Gagnepain, Clerk |
| Plaintiff-Respondent, ) ) | |
| v. ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| RONALD JAMES LIPPA, an individual, ) ) | |
| Defendant-Appellant. ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Order denying motion to set aside default judgment, <u>affirmed</u>.

Ronald Lippa, Kuna, pro se appellant.

Hawley Troxell Ennis & Hawley, LLP; Sheila R. Schwager, Boise, for respondent.

HUSKEY, Judge

Ronald James Lippa appeals from the district court's order denying his motion to set aside default judgment. Lippa raises various arguments that are not properly before this Court and/or lack sufficient argument with citations to legal authority, statutes, the transcript, or the record. We hold Lippa has waived all issues on appeal pursuant to Idaho Appellate Rule 35. The order denying Lippa's motion to set aside default judgment is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lippa executed a loan contract on January 3, 2022, for $52,300.98 to purchase a vehicle from Northwest Motorsport XIV. The loan was financed by Capital Educators Federal Credit Union (CapEd). Northwest Motorsport XIV then assigned the contract to CapEd. Pursuant to the terms of the contract, Lippa agreed to repay the loan issued to him with interest and granted a

1

security interest in the vehicle to CapEd establishing CapEd as the primary lienholder. Lippa then began making monthly payments until June 17, 2023.

After Lippa stopped making payments, CapEd attempted to contact Lippa to make arrangements to cure the default on the loan. Approximately six months after Lippa's payments ceased, CapEd sent Lippa a letter explaining he was in default on his loan and if he did not cure the default by December 28, 2023, CapEd would pursue legal action against him, including possible repossession of the vehicle. Lippa responded by demanding CapEd send Lippa certain information including "further proof of debt" and the "wet ink" original loan documents.

CapEd then served Lippa with a complaint for breach of contract and claim and delivery, and a summons, which explained that Lippa had thirty days to file a response to the complaint. Lippa attempted to file an answer, but the clerk of the court returned his submission because Lippa had not paid the required filing fee associated with the response. Thereafter, CapEd moved the district court to enter an order of default and default judgment, which the court granted. Lippa moved the district court to set aside default judgment claiming, "I found that my truck loan is fraudulent and inaccurate."

At the hearing on Lippa's motion to set aside default judgment, the district court found it was undisputed that Lippa did not file an answer to CapEd's complaint, provide CapEd a copy of the materials he attempted to submit to the court, or pay the required filing fee to file an answer, which resulted in the court clerk returning Lippa's answer to him. As a result, the district court found the default was properly entered. The district court then considered whether there were grounds to set aside the default judgment under Idaho Rule of Civil Procedure 60(b) and found Lippa did not argue mistake, inadvertence, surprise, or excusable neglect. The district court further found Lippa's summary denial of CapEd's claims was insufficient because Lippa failed to set forth facts which, if proven, would constitute a meritorious defense and Lippa did not file the required separate memorandum to support his motion. The district court denied Lippa's motion to set aside default judgment. Lippa appeals.

## II.

## ANALYSIS

The only appealable issue before this Court is whether the district court erred in denying Lippa's motion to set aside default judgment. CapEd argues Lippa forfeited any alleged error on

appeal because his brief fails to meet the requirements set forth in I.A.R. 35(a). We hold the significant deficiencies in Lippa's opening brief result in a waiver of all issues on appeal.

Lippa's opening brief fails to comply with I.A.R. 35(a) as follows: (1) the Table of Contents does not comply with I.A.R. 35(a)(1) as there are no page references and it appears to be a procedural history of the case; (2) the Table of Cases and Authorities contains no page numbers as required by I.A.R. 35(a)(2); (3) the Statement of the Case does not indicate the nature of the case (an appeal from the district court's denial of the motion to set aside default judgment) or the course of proceedings and its disposition as required by I.A.R. 35(a)(3); and (4) the Argument section does not include a cogent argument supported by citations to authority, statutes, or relevant parts of the transcript and record as required by I.A.R. 35(a)(6).

In addition to those deficiencies, we also note none of the issues listed in Lippa's opening brief are properly before this Court. Lippa raises five issues on appeal: (1) opposing counsel was never ordered to answer Lippa's "Affidavit of Truth Proof of Claim"; (2) judgment was entered without Lippa being afforded due process; (3) Lippa was denied his "Color of Law rights" pursuant to 18 U.S.C. §§ 241 and 242; (4) Lippa was denied his right to a fair trial and to have his interrogatories answered; and (5) Lippa has been discriminated against based on his "findings of fraud" in the contract.

Issues (2), (3), and (5) were never raised in the district court. Issues raised for the first time on appeal will not be considered or reviewed. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). To the extent issues (1) and (4) were not raised in the district court, they, too, would be subject to waiver. However, to the extent issues (1) and (4) were raised in the district court, as explained below, Lippa fails to provide cogent argument or citations to relevant authority in support of his arguments. Consequently, we decline to consider any of the issues on appeal.

In the Argument section of his opening brief, Lippa provides six paragraphs, summarized as follows: (1) Lippa's due process rights were violated because the district court would not permit him to ask why CapEd had not answered his interrogatories; (2) CapEd failed to provide the original "front and back" of the contract with Lippa's "wet signatures"; (3) CapEd defaulted on answering Lippa's twenty-two interrogatories; (4) Lippa's inquiry about ownership of the contract and how counsel can prove Lippa owes CapEd "anything"; (5) Lippa's inquiry about the role of the law firm and counsel retained by CapEd; and (6) CapEd's counsel "is an attorney and a debt collector," which is prohibited by federal law.

3

Lippa has failed to provide any citation establishing these arguments are preserved or, alternatively, any explanation as to why they are properly before this Court. None of Lippa's arguments have any citation to authority or relevant pages in the transcript or record. None of the paragraphs contain cogent argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). It is not the role of this Court to search the record on appeal for citation or argument. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023).

In his reply brief, Lippa argues the district court abused its discretion under I.R.C.P. 60(b) and "A Meritorious Defense Was At Least Plausibly Alleged" because Lippa did not know his answer was rejected for lack of a filing fee and he raised material issues about "deceptive contract terms, lien enforcement, and assignment issues." This Court will not consider issues raised for the first time in a reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Lippa also argues "Strict Procedural Rules Should Not Defeat Substantive Justice" and "Pro Se Litigants Deserve Procedural Fairness." However, "[p]ro se litigants are not entitled to special consideration or leniency because they represent themselves. Rather, pro se litigants must conform to the same standards and rules as litigants represented by attorneys." *Owen v. Smith*, 168 Idaho 633, 641, 485 P.3d 129, 137 (2021) (internal quotations omitted). Lippa's failure to comply with I.A.R. 35(a) results in a waiver of all issues on appeal, regardless of his status as a self-represented litigant. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Because we hold the claims are waived, we need not address CapEd's arguments that the district court did not err in denying Lippa's motion to set aside default judgment.[1]

CapEd requests attorney fees and costs on appeal pursuant to the terms and conditions of the loan contract and Idaho Code §§ 12-120(3) and 12-121. The loan contract executed between CapEd and Lippa provides: "If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs, as the law allows. You will also pay any reasonable collection costs we incur to enforce our security interest, as the law allows." Where a valid contract between the parties contains a provision for an award of attorney fees, the terms of the contract establish a right to attorney fees. *Gangi v. Debolt*, 168 Idaho 815,

---

[1] Nonetheless, as the district court held, Lippa failed to establish a viable defense, a necessary showing in order to set aside a default judgment. Lippa's conclusory allegations of irregularities with the loan transaction are insufficient. I.R.C.P. 60.

819, 488 P.3d 483, 487 (2021). The pleadings in this case indicate that counsel for CapEd is not a salaried employee of CapEd but, rather, a member of a law firm with whom CapEd has retained. As the prevailing party, CapEd is entitled to attorney fees and court costs pursuant to their contract with Lippa. *Id.* Because CapEd is entitled to an award of attorney fees and court costs pursuant to their contract with Lippa, we do not address whether they are also entitled to an award of attorney fees and costs under I.C. §§ 12-120(3) and 12-121.

## III.

## CONCLUSION

Lippa has waived all issues on appeal because his opening brief fails to comply with I.A.R. 35(a). Therefore, the district court's order denying Lippa's motion to set aside default judgment is affirmed. CapEd is awarded attorney fees and costs on appeal.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.